## HOYT v. WESTERN UNION TELEGRAPH COMPANY.

### Opinion delivered March 16, 1908.

1. TELEGRAPH COMPANY—DEFAULT IN DELIVERY OF MESSAGE—DAMAGES.—Where the owner of a race horse, for which there was no local market, lost an opportunity to sell him elsewhere on account of the neglect of a telegraph company to transmit and deliver promptly to him a telegram informing him of an offer to buy the animal, and, after diligent efforts to sell him for the highest price, sold him for a less sum than that previously offered, but the best then obtainable, the measure of damages was the difference between the price offered and that obtained, together with the cost of keeping the horse after the offer and until the sale and the reasonable and necessary expenses incurred in making the sale within a reasonable time, with interest. (Page 477.)

2. SAME—SUNDAY CONTRACT—AFFIRMANCE.—If it be conceded that a contract for the transmission of a telegram entered into by the delivery and acceptance of a telegram on Sunday is void, the telegraph company may, on a subsequent week day, affirm the previously inoperative contract by sending or delivering the telegram on a week day, and may become liable for damages occasioned by its neglect to transmit and deliver after such affirmance.  (Page 478.)

Appeal from Polk Circuit Court; *James S. Steel,* Judge; reversed.

*J. I. Alley* and *R. G. Shaver,* for appellant.

1.   The court erred in its instruction as to the measure of damages.   The instruction offered by appellant was correct. Jones on Telegraph & Telephone Companies, § 546, p. 522; 89 Ga. 484; 90 Ga. 254; 10 L. R. A. 515; 27 Am. & Eng. Enc. of Law (2 Ed.), 1066.

2.   The court should have given the second instruction requested by appellant to the effect that if the telegram was delivered to defendant's agent for transmission at Mena, Arkansas, at about 4 o'clock P. M. on April 22, 1906, and did not reach Cordova, Ala., until 2:25 P. M. on April 23, 1906, negligence of defendant in transmitting the message would be presumed.   The testimony shows that thirty minutes was a reasonable time for transmission of a message from one of these points to the other, and there is no evidence explaining the delay.

*George H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1.   The instruction given as to the measure of damages was correct.   55 Ark. 409; 70 Ark. 39; 73 Ark. 432; 70 Ark. 339; 53 Ark. 27; 77 Ark. 23.

2.   Appellant can not complain of the delay in delivery of message.   His undertaking to transact business on Sunday was a violation of our statutes and public policy.   Croswell's Law of Electricity, § 357; Joyce on Law of Electricity, § § 874-5.

BATTLE, J.   This action was brought on the 11th day of August, 1906, by W. D. Hoyt against the Western Union Telegraph Company in the Polk Circuit Court, to recover damages on account of the failure of the defendant to promptly transmit and deliver a telegram.

Omitting the first paragraph, the complaint is as follows:

"2.  Plaintiff alleges that in March, 1906, he was the owner of a fine filly called 'Grace Hoyt,' which was at Toledo, Ohio, and that, after some correspondence with reference to her with one Scott Maxwell, at Cordova, Alabama, the said Maxwell, on the 16th day of April, 1906, sent the following message over the wires of the Western Union Telegraph Company from Cordova, Alabama, to plaintiff, W. D. Hoyt, at Mena, Polk County, Arkansas, towit:  "Will give four hundred Grace Hoyt, three fifty Idell," which said telegram was promptly answered by plaintiff by telegram and letter stating if the offer was made four hundred thirty-five dollars said Maxwell could have the filly; that upon the 21st day of April, 1906, which was Saturday, the said Maxwell again wired plaintiff from Cordova, Alabama, as follows:  "Letter received, have made best offer.  Answer quick whether accepted."  This telegram was dated at Cordova, Alabama, April 21, 1906.  It was sent from Cordova at 10:30 in the morning, and was received at Mena, Arkansas, at 9:06 P. M., and was delivered to plaintiff sometime the following (Sunday) morning, which was answered by plaintiff that day by telegram— the day of the receipt of Maxwell's telegram, namely, April 22, as follows:  "Your offer of four hundred dollars for Grace Hoyt, Toledo, accepted.  Have notified Ketchum accordingly," which said last telegram plaintiff says did not reach Cordova, Alabama, until 2:25 P. M. of the 23d day of April, 1906, and was not delivered to the said Scott Maxwell for several days thereafter.

"3.  Plaintiff alleges that defendant was negligent in transmitting and delivering the said telegrams, and especially the last mentioned one, dated April 22, 1906, from Hoyt to Maxwell, as the same did not reach the Cordova, Alabama, office until nearly twenty-four hours after being received at Mena, Arkansas, office for transmission; also that a similar delay occurred in the telegram from said Maxwell to plaintiff, sent from Cordova, Alabama, on the 21st of April, 1906.

"4.  Plaintiff alleges that when said telegram reached Cordova, Alabama, and was delivered, the said Maxwell had made other arrangements and could not use the said filly, 'Grace Hoyt,' and for said reason and because of the carelessness and negligence of the defendant in the transmission and delivery of

the telegram as above stated, the said plaintiff says he has been damaged in the sum and amount of $575 now known to him.

"5.   Plaintiff avers that if said telegrams had been promptly and diligently transmitted they would have reached destination in time to have saved the said trade and all expenses since connected therewith, and that because of such negligence and carelessness plaintiff lost the sale as before alleged, and has been compelled to stand all expenses since that would have ceased with the sale of the filly.

"Therefore, the premises considered, plaintiff prays judgment against the defendant for $575, expenses and costs."

The defendant answered and denied the allegations of the complaint; and alleged as follows:

"7.   The defendant further says that the telegram, which plaintiff alleges he delivered to the defendant for the transmission on Sunday, April 22, 1906, accepting the offer of $400 from Maxwell for the said filly, was the acceptance of a business contract, and was, therefore, of no effect and void, and this defendant is not liable for any damages for the alleged negligence in transmission and delivering the same. That the contract between the plaintiff and the defendant, whereby the defendant undertook to transmit a message over its wires from W. D. Hoyt to Scott Maxwell, on Sunday, April 22, 1906, was illegal, and that the plaintiff can not recover any damages of the defendant for any delay in the transmission of the message."

The evidence adduced in the trial in this action sustained the allegations of the complaint and tended to prove the following additional facts: A telegram can be sent from Mena, Arkansas, to Cordova, Alabama, in about thirty minutes. The filly, Grace Hoyt, was about two years old on the 22d day of April, 1906. "She was bred by Cresceus, the champion trotting sire of the world, and the stud fee was three hundred dollars." The best offer Hoyt had for her after failure to sell to Maxwell after reasonable efforts to sell was $150, and this was about the first of October, 1906. Between the 22d day of April and the 1st of October, 1906, the cost of keeping her was $90; and after the failure to sell to Maxwell plaintiff incurred expenses in advertising her for sale, amounting to $66.45, as well as other expenses. She was worth whatever she would bring. She was

not fully developed, had no record, and there was no market price for such stock, as there is for common horses.

The court refused to instruct the jury at the request of the plaintiff as follows:

"3. The damages which you will find for plaintiff, in case you find for him, will be the difference in the price offered plaintiff for the filly by Scott Maxwell and the price which he was able to get for her afterwards, after reasonable diligence on the part of the plaintiff to obtain the best price he could for her, together with the necessary expenses incurred by plaintiff, which will be expense to him of telegrams necessary to make the sale, postage, advertisements, necessary transportation and the costs of keeping the horse, if any be proved, from the date of the telegram until the second offer to buy the filly if any such expenses be proved."

But over the objections of plaintiff instructed them as follows:

"6. You are instructed that the measure of damages for a failure to deliver promptly the message herein complained of, if any negligence occurred for which the defendant is responsible, is the difference between the price offered the plaintiff for the horse and the market value of the horse at the time of the offer of the purchase was made. In case your verdict should be for the plaintiff, it can only be for such amount as Scott Maxwell offered the plaintiff for the horse over and above its market value at the time, provided the offer was in excess of the market value."

The jury returned a verdict in favor of plaintiff for two dollars and fifty cents, and he appealed.

The instruction requested by the plaintiff was substantially correct. The one given by the court upon the same subject is erroneous. In *Herron* v. *Western Union Tel. Co.*, 90 Iowa, 129, it was held that where the owner of a horse failed to sell him at a price offered on account of the neglect of the Telegraph Company to promptly transmit and deliver to the owner a telegram informing him of the offer, and after diligent efforts to sell him for the highest price sold him for a less sum than that offered, and the horse had no market value, the measure of damages was the difference between the price offered and that obtained

subsequently, after the use of reasonable and diligent efforts to sell at the best price obtainable, together with the cost of keeping the horse after the offer and until the sale and interest. To the same effect the court held in *Wallingford* v. *Western Union Telegraph Co.,* 53 S. C. 410. In those cases it does not appear that the right of the owner to recover reasonable and necessary expenses incurred in making a sale of the horse within a reasonable time, in addition to the cost of keeping and interest, was considered. The question does not appear to have been presented. But it follows from the opinion in those cases that he would be entitled to such additional expenses, for the same reason that he was entitled to the cost of keeping the horse, and we so hold.

The error in the instruction given by the court as to the measure of damages was in ignoring the evidence as to there being no market value of the horse, and instructing the jury as if the one given was the only measure of damages applicable to the evidence. The result was the plaintiff recovered only two dollars and fifty cents, the cost of telegrams.

If it be conceded that the contract of transmission entered into by the delivery and the acceptance of the telegram on Sunday was void, the Telegraph Company affirmed or adopted it by delivering the message or telegram on a week day. It has been held by this court that "a contract of sale made on Sunday is void, but the parties to the contract may, on a subsequent week day, affirm or adopt the terms of the previously inoperative contract, and so became bound to perform them." *McKinney* v. *Demby,* 44 Ark. 74. So the sending or delivery of the telegram at the request of the plaintiff by the defendant on a week day was an affirmance of the contract to transmit made on Sunday; the message being a continuing request until it was sent and delivered. In that case the Telegraph Company would be liable for damages occasioned by its neglect to transmit and deliver after such affirmance.

Reversed and remanded for a new trial.