### WESTERN UNION TELEGRAPH COMPANY *v.* HOYT.

#### Opinion delivered January 25, 1909.

1. TELEGRAPH COMPANY—NONDELIVERY OF MESSAGE—DAMAGES.—In an action against a telegraph company to recover damages for loss of sale of a horse occasioned by nondelivery of a message, it was not error to refuse to charge that the measure of damages was the difference between the price at which the horse would have sold if the message had been delivered and the market price of the horse where the evidence showed that the horse had no market value. (Page 119.)

2. SAME—LIABILITY FOR NONDELIVERY OF MESSAGE.—A telegraph company is liable for a loss of sale of property, and a consequent loss of profits, occasioned by its failure to deliver a message accepting an offer to sell the property at a certain figure. (Page 120.)

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*Geo. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. There was no evidence as to the value of the horse in Toledo, and the court erred in refusing instructions asked as to measure of damages.

2. Contracts by telegraph are valid. The filing of the message of acceptance completes the contract. Crosswell on Electricity, § 681; Joyce on Electricity, § 881; 56 Wis. 100; 35 S. W. 189; 5 Atl. 632; 36 N. Y. 307; 79 Me. 492; 8 Fed. 337; 4 Dillon, 431.

HART, J. This is an appeal of the Western Union Telegraph Company from a judgment rendered against it in the Polk Circuit Court in favor of W. D. Hoyt. The decision on the former appeal is reported in 85 Ark. 473 (*Hoyt* v. *Western Union Telegraph Company*), to which reference is made for a statement of the case.

Appellant assigns as error the refusal of the court to give the following instruction:

"You are instructed that the measure of damages for a failure to deliver promptly the message herein complained of, if any negligence occurred for which defendant is responsible, is the difference between the price offered the plaintiff for the horse and the market value of the horse at the time of the offer to purchase was made, provided you believe from the evidence that the horse had a market value. In case your verdict should be for the plaintiff, it can only be for such amount as Scott Maxwell offered the plaintiff for the horse over and above its market value at the time, provided the offer was in excess of the market value and provided you believe from the evidence that the horse had a market value."

The uncontradicted evidence shows that the filly was only two years old, was not fully developed and had no track record, and that on this account there was no market value for such a horse. Hence there was no evidence upon which to base the instruction. It was purely abstract, and there was no error in refusing it.

Counsel for appellant also contends that the court erred in refusing to give instruction No. 7 to the jury. It reads as follows:

"You are instructed that when the telegram from the plaintiff to Maxwell was delivered to the defendant for transmission

tl:: plaintiff's acceptance of Maxwell's offer therein became binding on Maxwell, and that if Maxwell had not withdrawn his offer before such delivery of the message to the defendant then the plaintiff can hold Maxwell on his offer of purchase, and can not recover of this defendant for any negligence herein."

There was no error in refusing this instruction. Mr. Joyce says: "If, owing to the failure of a telegraph company to deliver a message sent in response to an offer to buy property at a certain figure as an acceptance thereof, there is a loss of the sale and a consequent loss of profits to the sender of the message, the company will be liable for the loss so sustained." Joyce on Electrical Law, § 961.

Finding no error in the record, the judgment is affirmed.