## McKINNEY v. DEMBY.

1. PRACTICE IN SUPREME COURT: *Bill of exceptions: Instructions.*
   Unless the bill of exceptions shows that it contains all the evidence, the Supreme Court can not consider the objection that the verdict is not supported by the evidence; and an instruction which would be correct on proper evidence will be presumed to have had evidence to support it.

2. SAME: *Same: Presumption.*
   Where the bill of exceptions fails to show that it contains all the evidence adduced at the trial, every intendment is indulged in favor of the action of the trial court; and this court will presume that every fact susceptible of proof which could have aided the appellee's case was fully established.

3. SAME: *Same.*
   Where an instruction is given purporting to be predicated on the evidence and upon the hypothesis that certain facts have been proved, and it is not repugnant to, nor inconsistent with a case that might have been proved under the pleadings, the appellate court ought to presume in favor of the court below, that such evidence though not set out in the bill of exceptions, had been adduced at the trial, and the correctness of the instruction should be inquired into.

4. TRESPASS ON LAND: *Possession of plaintiff.*
   To maintain the action of trespass *quare clausum fregit*, the plaintiff must either show that at the time of the trespass he was in actual possession, or must prove such a state of facts and title as would imply possession.

5. SUNDAY CONTRACT: *May be ratified.*

A contract of sale made on Sunday is void; but the parties to it may, on a subsequent week day, affirm or adopt its terms, and so become bound by them; and a receipt of the purchase money by the vendor on a week day, would be an affirmance of it and make it good, at least from that time. And a demand of payment on a week day would have the same effect as to the vendor, and would compel the purchaser to elect either to adopt the Sunday terms or to insist on their invalidity.

APPEAL from *Montgomery* Circuit Court.
Hon. H. B. STUART, Circuit Judge.

*R. G. Davies* and *Joel Johnson* for appellant.

McKinney was in possession, and not wrongfully, inasmuch as Demby had failed to pay the three dollars on the day agreed upon, which was a condition precedent to delivery of possession. Both parties claimed under Maberry; plaintiff under a contract to sell and defendant under an actual sale completed by payment and delivery of possession. In every contract it is a settled rule that there must be a mutual assent to the same thing, in the same sense, or there is no contract. (*Parsons on Cont., p. 399; 4 Minor, part 1, p. 17; Chitty on Cont., pp. 9 to 11; Smith Cont., p. 126.*) There being no contract between Maberry and Demby, appellee had neither possession nor right of possession, and could not maintain trespass.

*Geo. G. Latta* for appellee.

Either actual or constructive possession is sufficient to maintain trespass. The injury is to the possession and not to the property. (*Greenleaf Ev., vol. 2, sec. 613.*) Possession alone is sufficient against a wrong doer, without regard to title. *1 Ark., 448.*

A trespasser can not show property in a stranger in justification. (*8 Ark., 406.*) This is such an action as the

McKinney v. Demby.

appellee had a right to institute. *Washburn on Real Estate, vol. 1, 384, 397.*

COCKRILL, C. J.   The action disclosed here is in the old form of *trespass quare clausum fregit.*

**1. PRACTICE IN SUPREME COURT: Bill of exceptions.**   The bill of exceptions does not show that it contains all the evidence adduced at the trial.   We can not, therefore, consider the objection made by the motion for a new trial as to the sufficiency of the evidence to support the verdict.

**2. SAME: Presumption.**   The second ground upon which the new trial is asked is that "the court erred in instructing the jury that the plaintiff could recover in case of his being in constructive possession of the premises in question, inasmuch as there was no evidence of legal title to the lands in the plaintiff."

This objection fails because we must presume that there was such testimony or else the instruction would not have been given.   In the absence of a showing that there was no other testimony heard at the trial, every intendment is indulged in favor of the action of the trial court, and this court will presume that every fact susceptible of proof that could have aided appellee's case was fully established.   The salutary rule of law is that every judgment of a court of competent jurisdiction is presumed to be right unless the party aggrieved will make it appear affirmatively that it is erroneous.

**3. SAME: Same.**   We are not, however, precluded from all consideration of the instructions.   Where an instruction is given purporting to be predicated on the evidence and upon the hypothesis that certain facts have been proved, and it is not repugnant to nor inconsistent with a case that might have been made by proof under the pleadings, the appel-

late court ought to presume in favor of the court below, that such evidence, though not set out in the bill of exceptions, had been adduced at the trial, and the correctness of the instruction should be inquired into. This rule was announced in *Duggins v. Watson, 15 Ark., 118,* and is applicable to the practice now, subject, however, to the modifications made by the abolition of the forms of action and the innovation that the pleadings may, in a proper case, be considered amended to conform to the proof. It is not necessary to invoke the aid of these restrictions to sustain the judgment in this case. It is apparent from the whole record that the case was treated throughout as one involving a trespass on real estate; and while the forms of actions are abolished, the same facts are essential now as at common law to sustain this action. The gist of the action is damage to the possession. *2 Greenl. Ev., sec. 613.*

Hence, the plaintiff must show possession or fail in his suit. This may be done by showing actual possession or by proving a state of facts and title that would imply possession. This the court, in effect, told the jury, by instructing them that the plaintiff must prove actual or constructive possession of the premises in himself, at the time the trespass was committed, to entitle him to recover; and it was not error to refuse to instruct the jury, as the appellee desired, that actual possession was necessary to warrant a recovery.

4. TRESPASS QUARE CLAUSUM FREGIT.

Proof necessary—possession.

The court also instructed the jury that if they found that a parol sale of the right of pasturage on a part of the land was made by one Maberry to plaintiff on Sunday, and that Maberry, on a subsequent week day, went to plaintiff or his agent and demanded the purchase money for the same in pursuance of the agreement, this would be a ratification of the Sunday sale.

5. SUNDAY CONTRACT: May be ratified.

A contract of sale made on Sunday is void, but the parties to the contract may on a subsequent week day, affirm or adopt the terms of the previously inoperative contract and so become bound to perform them. *Tucker v. West, 29 Ark., 386; Stebins v. Peck, 8 Gray, 553; Bishop on Cont., sec. 484, and cases cited.*

The receipt of the purchase money by Maberry on a week day would have been an affirmance of the terms of the previous agreement and would have made the contract good, at least from that time. *Tucker v. West, supra.*

A demand of payment, in pursuance of the terms of the agreement, would have the same effect, as far as the vendor is concerned, and it would put the purchaser to his election to determine whether he would adopt the Sunday terms or insist upon the invalidity of the contract. (*Adams v. Gay, 19 Vt., 370*) It is an undisputed fact, so far as we know, that the appellee, who was the purchaser, always insisted on the performance of the contract of purchase. We must presume, in the absence of a good bill of exceptions, that the agent mentioned in the instruction did the same at the time of the demand and was fully authorized to act in the premises, as that is the hypothesis upon which the instruction was given. It was immaterial to the appellant whether the action of the parties to the Sunday contract worked a technical ratification of it, making it good from the first, or made a new contract, and we are unable to see that he was prejudiced by the instruction.

Under the liberal presumption of proven facts that we must indulge in favor of the action of the court below, there is no room for the appellant to question the correctness of the other instructions given by the court. Those prayed by the appellant and refused by the court related only to the possession of the lands. One was substantially given by

the court, and the other, as we have seen, was correctly refused. The question of the purchase from Maberry was one of fact, and was fairly submitted to the jury. The verdict was against appellant and the judgment must be affirmed.