## RAILWAY COMPANY v. AMOS.

Decided January 31, 1891.

1. *Bill of exceptions—Presumption.*

   Where the bill of exceptions does not purport to set forth all the evidence adduced at the trial, it will be presumed on appeal that there was proof of every fact necessary to sustain the trial court's rulings, wherever evidence adduced at the proper time would justify its action.

2. *Husband and wife—Parties—Competency as witnesses.*

   In an action by a husband and wife to recover damages for personal injuries to each of them, although neither is a competent witness for or against the other (Mansf. Dig., sec. 2859), either is competent to testify in his or her own behalf.

3. *Railway crossing—Contributory negligence.*

 In an action for personal injuries received at a railway crossing an instruction that "*if the plaintiffs drove upon the track in the dark, without stopping to investigate, when by stopping and listening they could have learned that a train was approaching, they were guilty of contributory negligence and could not recover,*" was properly refused, where it ignored evidence that, at a time when no regular train could be anticipated, defendant had removed the watchman and extinguished the light usually kept at the crossing, and that, after plaintiffs drove upon the track, defendant's engine was put in motion without signal of warning and a car standing by the crossing backed against plaintiff's wagon. Whether under such circumstances plaintiffs were guilty of negligence, and, if so, whether such negligence contributed to the injury, were questions for the jury.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

Joint action of John S. Amos and wife against the St. Louis, Iron Mountain and Southern Railway Company, to recover damages for personal injuries.

The complaint alleged that while plaintiffs were with due care driving along a street of the city of Little Rock, and just as they were crossing the track of the defendant, the agents and servants and employes of said defendant were operating and in charge of an engine and train of freight cars a little east of said crossing, and as plaintiffs were immediately on the said track, the said agents, servants and employes, so in control of the said engine and cars, carelessly and negligently backed, shoved and forced the said cars against and over the wagon in which plaintiffs were riding, and bruised, wounded and injured plaintiffs. That by reason of the said wounds, bruises and injuries, the plaintiffs were damaged in the sum of five thousand dollars.

The answer denied that plaintiffs were driving with due care, or that defendant, its servants, agents or employes, were guilty of want of care in the premises, but specifically charged "that the accident was the direct cause and result of plaintiffs' contributory negligence in attempting to cross its said tracks in the night time, immediately in front of its moving trains, without defendant's knowledge, and because

of plaintiffs' failure to stop and listen for the approach of any train, as it was plaintiffs' duty to do before attempting to cross said track."

*Dodge & Johnson* for appellant.

1. Plaintiffs were guilty of contributory negligence. They neither stopped, looked or listened for signals. The traveler must use due diligence and care, and there must be negligence on the part of the railway company or its employes. Sh. & Redf. on Negl., sec. 481; Pierce on R. R., p. 342; Wharton on Negl., sec. 382; 2 Wood on Rys., sec. 323; 1 Rorer on R. R., p. 533; Cooley on Torts, p. 680; 1 Thomps. on Negl., p. 415; *ib.*, 401; 43 Pa. St., 60.

The traveler must make vigilant use of his senses—a failure to look and listen is negligence. 11 Pac. Rep., 137; 27 N. W. Rep., 514; 31 *id.*, 147; 14 R. I., 102; 6 Atl. Rep., 239; 5 *id.*, 329; 30 Minn., 482; 30 N. W. Rep., 548; 33 Ind., 367; 50 *id.*, 42; 50 *id.*, 65; 25 Mich., 291; 62 Ind., 566; 41 Iowa, 227; 72 Mo., 168; 71 *id.*, 636; 64 *id.*, 480; 4 Atl. Rep., 580, 599.

It is negligence *per se* for a person to cross a railroad track without first listening and looking for a coming train, etc. 2 N. E. Rep., 875; 77 Me., 85; 77 Me., 538; 76 *id.*, 357; 120 Mass., 257; 134 *id.*, 499; 105 *id.*, 77; 10 Allen, 532.

When the view is obstructed the traveler should take greater care. 6 A. & E. R. Cas., 268; 8 *id.*, 208; 27 N. W. Rep., 792.

The following cases sustain this rule: 95 U. S., 702; 95 U. S , 442; 4 Woods, 652; 8 Fed. Rep., 488; 73 Ind., 174; 120 Mass., 257; 91 N. Y., 420; 49 Pa. St., 60; 35 Ohio St., 627; 26 Mich., 255, 261; 81 Ill., 450; 51 Iowa, 419; 22 Minn., 165; 52 Miss., 808; 72 Mo., 50; 42 N. J., 180; 47 Wis., 146; 67 Me., 100; 86 N. C., 224; 2 McCrary, 268; 41 Fed. Rep., 191.

2. This was not a case for exemplary damages. 13 S. W. Rep., 140; Field on Dam., sec. 34; 36 Conn., 182; 51 Ill., 467; 47 Mo., 90; 47 N. Y., 282; 9 W. Rep., 612; 33

A. & E. R. Cases, 407; 1 Otto, 489; 21 How., 213; 2 Wall., Jr., 164; Sutherland on Dam., p. 724; 34 A. & E. Cases, 432; 4 So. Rep., 359; 52 Ill., 451; 46 Tex., 272; 35 Ind., 306; 76 Ala., 176; 62 Md., 301; 40 Cal., 657; 39 Ark., 387, 448; 41 *id.*, 299; 56 N. Y., 44.

3. It was error to give the third instruction for plaintiffs. 12 S. W. Rep., 204; 19 A. & E. Cases, 36.

4. It was error to allow husband and wife to testify in the other's behalf. Mansf. Dig., sec. 2859; 37 Ark., 302; 34 *id.*, 674; 8 S. E. Rep., 826; 31 Gratt., 70; 5 S. E. Rep., 801; 27 A. & E. R. Cases, 333.

5. The verdict was excessive.

*Sanders & Watkins* for appellees.

1. The bill of exceptions does not contain all the evidence. 38 Ark., 102; 44 Ark., 76.

2. It is not the duty of a traveler to *stop* and examine before attempting to cross. 37 N. W. Rep., 152; 112 Ill., 490; 116 Mass, 540.

3. The instruction as to exemplary damages was properly given. Sh. & Redf. on Neg., sec. 748; *ib.*, sec. 408; 32 N. Y., 597; 28 Wisc., 487: 58 Ill., 83; 55 Ill., 379; 31 Mich., 274; 48 Cal., 409; 6 A. & E. R. Cas., 125, and note.

4. Plaintiffs were competent witnesses, both being interested in the suit. Mansf. Dig., sec. 5339; 52 Ill., 260; 21 Mich., 215; 5 S. E. Rep., 801; 37 Ark., 302.

**1. Presumption as to bill of exceptions.** COCKRILL, C. J. The bill of exceptions does not purport to set forth all the evidence adduced at the trial. Our inquiry therefore cannot reach some matters assigned as error by the appellant's counsel. We indulge the presumption that there was proof of every fact which is necessary to sustain the court's rulings, wherever evidence adduced at the proper time would justify its action. Every ruling is presumed to be right, unless the record contains matter which shows affirmatively that it is wrong. *McKinney* v. *Demby*, 44 Ark., 74.

·The suit was a joint action by husband and wife against the railway to recover damages for personal injuries sustained by them while crossing the railway track in a wagon at a street crossing, in the city of Little Rock. They recovered a joint judgment for $1200.

The act of 1873, known as the married woman's act, authorizes the wife to prosecute a suit for personal injury in her own right without joining her husband. Mansf. Dig., sec. 4951. Mrs. Amos could have prosecuted her suit for the injury shown in this case independently of her husband. But no objection was made to the joinder, and no question arises upon it now except in its bearing upon the competency of the plaintiffs as witnesses in the cause. It is argued that, as both were plaintiffs and interested in the result, neither was competent to testify in the cause. But either was a competent witness in his or her own behalf, and the rule is settled by the previous decision of this court that, in cases in which a party may be a witness for himself, marriage is not a disqualification as to his interest in the cause, notwithstanding the other party to the marriage is a party to the suit. *Klenk* v. *Knoble*, 37 Ark., 298. Much authority may be cited to the same effect. *Bell* v. *Ry.*, 86 Mo., 599; *Clouse* v. *Elliott*, 71 Ind., 302; *Shantz* v. *Stoll*, 34 La. Ann., 1237.

It is not urged that the court's charge to the jury misstates the law in any respect, but it is argued that it was inapplicable to the plaintiffs' case in two particulars to which exceptions were saved.

One of the exceptions relates to exemplary damages, and the other to the railway's duty to take proper precautions at street crossings to prevent injury to persons upon the highway. The latter exception is futile because the charge was applicable to the case made by the appellees; and the other must fail because it is not apparent that the proof did not call for a charge upon the subject of exemplary damages, inasmuch as the bill of exceptions does not profess to contain all the evidence upon which the court acted.

2. Competency of husband and wife as witnesses in a joint suit.

The defect in the bill of exceptions disposes also of the argument that we should declare as matter of law that the appellees were injured through their own contributory negligence. The presumption upon the record is otherwise.

**3. Railway crossing—Contributory negligence.** The court's charge upon the subject of contributory negligence, on the part of the plaintiffs, was satisfactory to the railway, except in the refusal to charge that it was the plaintiffs' duty to *stop* their wagon before entering upon the track, to ascertain whether a train was approaching. A series of prayers for instructions embodying that idea were rejected by the court, and that is assigned as error. There was evidence tending to show that the engine was put in motion after the plaintiffs entered upon the track, and backed upon the cars, which were standing near the crossing, without giving any warning of the move. There was also testimony, the purport of which was that the train was moving toward the crossing with bell ringing when the plaintiffs approached.

In the rejected twelfth prayer the court was requested to charge that if the plaintiffs drove upon the track in the dark without stopping to investigate, when by *stopping* and listening they could have learned that a train was approaching, they were guilty of contributory negligence and could not recover.

The prayer required the jury to find for the railway, notwithstanding they might believe from the evidence that the train approached the crossing without sounding whistle or bell, and that if such signals of warning were given, the plaintiffs would have been as likely to hear them without stopping as otherwise. *Railway Co.* v. *Slattery*, 3 App. Cas., 1166. It was not for the court to exclude those matters from the consideration of the jury, and to say to them in effect, as the prayer required, that it is not the part of a prudent man to rely upon the railway to perform its known duty in giving signals of warning at a crossing only because it is dark. If it is true, as the testimony set out in the bill of exceptions tends to establish, that the railway had withdrawn its watchman from the crossing, and allowed the

lights, which usually aided the traveler to extricate himself from their labyrinth of tracks in the highway, to become extinct at a time when no regular train could be anticipated, it could not be asserted as a matter of law that a prudent man traveling upon the highway would not be led to believe that the company intended that he should rest in security against an attempt to back a train over the public crossing without signaling its approach. It is not error to reject a prayer for a charge which excluded from the jury's consideration evidence which might exert an influence on their verdict. *Claiborne* v. *State*, 51 Ark., 88; 2 Thompson, Trials, sec. 2328. The rejected prayer was subject to that objection, and the court's ruling was right.

The appellant's other rejected prayers for instructions were properly refused either because the substance was embodied in the charge, or for the reason given for the rejection of the twelfth prayer.

As we are unable to say that we have all the evidence relating to the injury before us, we can not consider the objection that the verdict is excessive.

Affirm.