TUCKER *v.* HAWKINS.

Opinion delivered December 5, 1903.

1. APPEAL AND ERROR—PRESUMPTION.—Where the record on appeal does not contain all the evidence adduced at the trial, the appellate court indulges the presumption that there was proof of every fact which is necessary to sustain the trial court's ruling wherever evidence adduced at the proper time would justify its action. (Page 22.)

2. SAME—AMENDMENT OF RECORD—NUNC PRO TUNC ORDER.—Where oral testimony was heard in the trial of a chancery suit, and no effort was made during the term of court to have such testimony made part of the record, it cannot subsequently become part thereof by a *nunc pro tunc* order. (Page 22.)

Appeal from Monroe Chancery Court.

JNO. M. ELLIOTT, Chancellor.

Affirmed.

*J. M. Battle,* for appellants.

The complaint sets up a cause of action, and the evidence fully sustains its allegations. The defendant had the right to return the property and be discharged from liability, no damages being assessed for detention of the property. 20 Ark. 283; 14 Ark. 427; 50 Ark. 303. Judgment in replevin must be in the alternative, but it is not optional with either party to demand a money satisfaction of the judgment. Sand. & H. Dig. § 6398; 50 Ark. 303; 37 Ark. 550. Without special authority, an attorney cannot compromise his client's case or take a decree against him by consent. 32 Ark. 74; Ib. 346. The judgment on the bond was erroneous. 56 Ark. 521.

*M. J. Manning* and *J. P. Lee*, for appellees.

The findings of the chancellor are conclusive. In the absence of a bill of exceptions showing all the evidence, where oral evidence was taken at a trial in chancery, it will be presumed that there was evidence to sustain the findings of the chancellor. 38 Ark. 477; 67 Ark. 289; 25 Ark. 503; 46 Ark. 17; 30 Ark. 527; 67 Ark. 289; 64 Ark. 609.

BATTLE, J. About the 11th day of December, 1897, Calvin Tucker, now deceased, and D. L. McCright instituted a suit in the Monroe chancery court, against W. M. Hawkins, and T. H. Jackson and W. E. Williams, sheriffs, respectively, of Monroe and St. Francis counties. On the 24th of October, 1899, the defendants recovered a decree against the plaintiffs. The decree recites that plaintiffs, to sustain their complaint, introduced a judgment in a certain action of replevin, and the execution that was issued thereon, and the depositions of S. B. Kelly, M H. Vaughan, T. L. Vaughan, and W. T. Tucker; and the defendant Hawkins, to sustain his answer, introduced the depositions and statements of W. M. Hawkins, M. J. Manning, J. P. Lee, W. T. Bonner, E. A. M. Webb and J. E. Lentz, and exhibits, and the oral testimony of J. S. Thomas and T. H. Jackson. The oral testimony was not in any manner made a part of the record. On the 13th day of February, 1902, the plaintiffs, by motion for a *nunc pro tunc* order, attempted to have the oral testimony made a part of the record; and the motion was denied.

When the record does not contain all the evidence adduced at the hearing of a cause, "we indulge the presumption that there was proof of every fact which is necessary to sustain the court's ruling, wherever evidence adduced at the proper time would justify its action. Every ruling is presumed to be right, unless the record contains matter which shows affirmatively that it is wrong." *McKinney* v. *Demby,* 44 Ark. 74; *Railway Company* v. *Amos,* 54 Ark. 159, 15 S. W. 362.

The record of the decree in this case speaks the truth. It is not amendable by making certain testimony a part of it which was not a part thereof, when no effort had been made to that end at the term at which the decree was rendered, and nothing for that purpose was done. A *nunc pro tunc* order does not

create, but states what has been done.  *Cox* v. *Gress,* 51 Ark. 224, 11 S. W. 416; *Gregory* v. *Bartlett,* 55 Ark. 30, 17 S. W. 344. Decree affirmed.