## HEMPSTEAD COUNTY *v.* PHILLIPS.

### Opinion delivered June 4, 1906.

1. COUNTY—CLAIM.—A demurrer does not lie to a claim presented to the county court for allowance, no formal proceedings being required in such case. (Page 265.)

2. APPEAL—PRESUMPTION.—Where the evidence upon which a finding of the trial court was made is not brought up in the transcript on appeal, it will be presumed that every fact necessary to sustain the finding and judgment of the court was proved that could have been proved. (Page 266.)

Error from Hempstead Circuit Court; *Joel D. Conway,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee presented to the county court of Hempstead County an account as follows:

"Hempstead County to J. W. Phillips, Dr.

"For expenses incurred in opening and repairing the vault door of the County Treasurer's safe."

Then follows an itemized statement of what was done and the charge for each item, amounting in the aggregate to $261.

The account was duly verified. The county court disallowed the claim, and Phillips appealed.

The record of the circuit court is as follows:

"John W. Phillips, plaintiff, *v.* Hempstead County, defendant.

"On this day, this cause coming on to be heard, and being regularly reached on the docket, and comes the plaintiff, by his attorney, Jas. H. McCollum, and comes the defendant, by the prosecuting attorney, John E. Bradley, Esq. This cause is, by consent, submitted to the court sitting as a jury, and, after hearing the evidence and argument of counsel, the court finds that the defendant, Hempstead County, is justly ndebted to the plaintiff, John W. Phillips, in the sum of $261 for money advanced for the use and benefit of the defendant; and that plaintiff is entitled to recover said sum of and from the defendant and all costs in this cause expended. It is therefore, considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of $261, with six per cent. interest thereon from this date until paid, and all costs in this cause expended.

"And it is further considered, ordered and adjudged by the court that the clerk of this court be and he is hereby directed and ordered to certify this judgment to the honorable county court of Hempstead County, and said county court of Hempstead County is hereby ordered and directed, by appropriate order, to have warrants upon the treasurer of Hempstead County issued in favor of the plaintiff and the officers and witnesses for the amounts due them, respectively, in payment of this judgment."

The cause comes here on a writ of error.

*W. S. McCain,* for appellant.

1. If, as argued by appellee, the phrase "county treasurer's safe" may be presumed to be really the property of the county, he is left in a worse situation. It is the business of the county judge to have county property repaired. If a volunteer, without request from the county judge, repairs county property, he can not present a claim and receive payment as a matter of right.

He assumes the risk of the county court ratifying his acts, if it has any such power.

2. But appellee only claims to have paid the laborer who did the work. The county court is without power to allow a claim for money paid.

*Jas. H. McCollum,* for appellee.

1. The only reasonably sure means by which the treasurer may keep the county money is to provide a safe or vault. It would be unreasonable to require the treasurer to provide the safe. The county court has power to alter, repair or rebuild any county building, and to *cause other necessary buildings and fixtures* to be erected; also to take necessary measures to preserve all buildings *and property* of the county from damage or waste. Kirby's Digest, § 1025. The levying court is authorized to make appropriations to defray the expense of "repairing and taking care of public property." *Ib.* § 1499. The county court is empowered to purchase, or receive by donation, any property, real or personal, for the use of the county, and to .cause to be erected all buildings and all repairs necessary for the use of the county. *Ib.* § 1375. Certainly this is sufficiently comprehensive to include a safe for the treasurer's office.

2. No exceptions were saved to the findings and judgment of the court, which found from the evidence that the county was liable. Since the evidence has not been brought into this record, this court will presume that there was proof of every fact which was necessary to sustain the trial court's ruling. 40 Ark. 185; 44 Ark. 74; 45 Ark. 240; 54 Ark. 159; 55 Ark. 126; 72 Ark. 21.

Wood, J., (after stating the facts.) In *Wiegel* v. *Pulaski County,* 61 Ark. 74, this court, in passing upon the judgment of the circuit court sustaining a demurrer to an account that had been presented to the county court for allowance, said: "No formal pleadings were filed in the case, and none were required. * * * A demurrer does not lie to a claim presented to the county court for allowance." Under this decision a claim which appears upon its face to be an improper charge against the county might by the proof be shown to be a correct charge. The matter is left open for the determination of the court upon the evidence adduced.

It appears from the record that "this cause is by consent submitted to the court sitting as a jury, and, after hearing the evidence, the court finds that the defendant, Hempstead County, is justly indebted to the plaintiff, John W. Phillips, in the sum of $261 for money advanced for the use and benefit of the defendant, and that plaintiff is entitled to recover said sum of and from the defendant," etc.    It will be observed that the court, after "hearing the evidence," finds as above set forth.    What the evidence was is not set forth in the record.    Therefore we must presume that every fact necessary to sustain the finding and judgment of the court was proved that could have been proved. *Tucker* v. *Hawkins,* 72 Ark. 21; *Curtis* v. *Des Jardins,* 55 Ark. 126; *Ry. Co.* v. *Amos,* 54 Ark. 159; *Hershy* v. *Baer,* 45 Ark. 240; *McKinney* v. *Demby,* 44 Ark. 74; *Perry* v. *Cunningham,* 40 Ark. 185.

It is easy to see that evidence might have been adduced before the trial court to show that appellee's claim was a valid demand against the county.    For instance, it might have been shown that the safe repaired was the property of the county, that it was in need of repairs, that an appropriation had been duly made for that specific purpose, and that appellee had been expressly authorized by the county court to make such repairs and had done so, or that he was expressly authorized by the county court to advance the money for such repairs, and that he had done so upon an express contract with the county court for reimbursement.    Such proof would have shown the legality of appellee's claim.

No error appearing upon the face of the record, the judgment is affirmed.