JONESBORO, LAKE CITY & EASTERN RAILROAD COMPANY *v.* CHICAGO PORTRAIT COMPANY.

Opinion delivered January 7, 1907.

1. APPEAL—INSUFFICIENCY OF ABSTRACT.—Failure of the trial court to give an instruction asked by the appellant will not be ground for reversal if the appellant fails to abstract the instructions of the court and the testimony in the cause.  (Page 327.)

2. SAME—INSUFFICIENCY OF BILL OF EXCEPTIONS.—Where the bill of exception fails to show that it contains all the evidence that was introduced at the trial, it will be presumed that there was evidence to sustain the verdict and that the jury were correctly instructed. (Page 328.)

Appeal from Craighead Circuit Court; *Allen Hughes,* Judge; affirmed.

### STATEMENT BY THE COURT.

This is a suit by appellee against appellant for the loss of four boxes of picture frames and pictures alleged to have been lost and converted by appellant, to appellee's damage, etc.

*Brown & Driver,* for appellant.

*Charles D. Frierson,* for appellee.

WOOD, J., (after stating the facts.)  The appellant abstracts the pleadings in the case, but fails to abstract the evidence.  Only the testimony of two witnesses (both for appellant) is abstracted, while the testimony of appellee, plaintiff below, upon which the verdict and judgment were rendered, is not abstracted at all.  None of the instructions were abstracted, although it is shown by a statement in appellant's brief ("the court in its ninth instruction said") that at least nine instructions were given.  Appellant complains of the refusal of the

court to give its third request for instruction, but does not abstract the instruction, or even state its substance. Appellant says "that the thirty-two hours shown by the proof, being the time the goods were deposited in the depot, were ample time for the consignee to call for the goods." But only the testimony of a witness for appellant tending to show the time that the goods were deposited in the warehouse of appellant is abstracted. What the testimony of the witnesses for appellee may have been with reference to that matter we can not know without looking to the record. There is no abstract of the instructions and the testimony in the cause, and, under recent decisions of this court, the judgment must be affirmed. *Shorter University* v. *Franklin,* 75 Ark. 571; *Beavers* v. *Security Mutual Insurance Co.,* 76 Ark. 138; *Merritt* v. *Wallace,* 76 Ark. 217; *Carpenter* v. *Hammer,* 75 Ark. 347; *Koch* v. *Kimberling,* 55 Ark. 547; *Houghton* v. *Moseley,* 80 Ark. 259.

But, if we should let that pass, still the judgment would have to be affirmed.

The bill of exceptions has no statement showing that it contains all the evidence that was introduced at the trial. In fact, there are statements in the bill of exceptions which show that it does not contain all the evidence. It must be presumed in such case that the jury was correctly instructed, and that there was evidence to sustain the verdict. *Western Coal & Mining Co.* v. *Jones,* 75 Ark. 76, 83; *Hardie* v. *Bissell,* 80 Ark. 74; *Kansas City, F. S. & M. Rd. Co.* v. *Joslin,* 74 Ark. 553, and cases cited therein; *Railway Company* v. *Amos,* 54 Ark. 159.