## YOUNG v. VINCENT.

### Opinion delivered February 14, 1910.

1. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF EVIDENCE.—Where the record does not contain the evidence adduced at the trial, every intendment is indulged in favor of the action of the trial court, and the court on appeal will presume that every fact susceptible of proof was proved. (Page 117.)

2. TRESPASS—WHO MAY SUE THEREFOR.—One who owned land at the time a trespass was committed is entitled to sue alone therefor, though he subsequently sold the land to another. (Page 117.)

3. APPEAL AND ERROR—HARMLESS ERROR.—The Supreme Court will only reverse cases for prejudicial errors. (Page 117.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Ira D. Oglesby,* for appellant.

1. A chose in action for trespass is not transferable with the subject-matter trespassed upon. Only the person in whom rests the legal title, etc., can sue. 10 Ark. 9; 14 *Id.* 431; 1 *Id.* 448; *Id.* 465; 8 *Id.* 470; 45 *Id.* 341; 21 Enc. Pl. & Pr. p. 805; 4 Harr. (Del.) 345; 5 N. H. 391; 35 Fla. 385; 66 Miss. 618.

2. For injury to the possession of lands, the proper party plaintiff is the party who has possession when the injury is done; no one else can sue. 15 Enc. Pl. & Pr. 519; 62 Ala. 372; 30 *Id.* 328; 69 Cal. 155; 2 *Id.* 267; 4 Houst. (Del.) 324; 56 Ind. 166; 64 Me. 48.

3. Misjoinder of parties is ground of demurrer. 19 Ark. 602; Kirby's Dig., § 6093; 25 Ark. 327. Misjoinder in tort defeats a recovery. 26 Ala. 426; 11 Gray (Mass.) 381; 102 Mich. 473; 5 N. H. 391.

HART, J. This suit was brought in the circuit court by W. A. Vincent, W. W. Bailey and W. W. Bailey, trustee of the estate of J. H. Bailey, against D. J. Young.

The plaintiff alleges that W. W. Bailey and W. W. Bailey, trustee of the estate of J. H. Bailey, were the owners of two lots in the city of Fort Smith, Arkansas, and that on the 12th day of December, 1907, by separate contracts in writing, they agreed to sell said lots to John Clark for the sum of $350 on deferred payments. Each contract provided that a deed should be executed when the purchase price was paid. On the 2d day of July, 1908, each contract was assigned by John Clark to the plaintiff, W. A. Vincent. The complaint further alleges:

"That D. J. Young on or about the 1st of December, 1907, by his agents, who were working for him and under his direction, entered upon said premises and carried away and converted to his own use a great amount of the soil belonging to said lots of W. A. Vincent, W. W. Bailey and W. W. Bailey, trustee, knowing that the same was not on his premises at the time said depredations were made. That by reason of the said D. J. Young's unlawful entry upon said premises, and unlawfully carrying away the soil, there is now a large pit dug into

the rear end of the two lots. Wherefore plaintiffs pray for damages," etc.

The defendant, Young, filed a demurrer to the complaint, which was overruled. The defendant then answered, denying the allegations of the complaint. There was a trial before a jury, and from the judgment rendered on the verdict the defendant has appealed to this court.

No bill of exceptions was filed or brought into the record. Where the record does not contain the evidence adduced at the trial, "every intendment is indulged in favor of the action of the trial court, and this court will presume that every fact susceptible of proof that could have aided appellee's case was fully established. The salutary rule of law is that every judgment of a court of competent jurisdiction is presumed to be right unless the party aggrieved will make it appear affirmatively that it was erroneous." *McKinney* v. *Demby,* 44 Ark. 74; *Hempstead County* v. *Phillips,* 79 Ark. 263, and cases cited.

The complaint alleges that the trespass was committed and the injury to the lots was done on or about the 1st of December, 1907, and that the contract of sale was not executed until December 12, 1907. Hence we may easily conclude that the evidence showed that the damage to the lots was suffered by W. W. Bailey and W. W. Bailey, trustee of the estate of J. H. Bailey, before the contract of sale was executed and before any one else acquired any interest in the property. It can not be denied that under such proof, W. W. Bailey and W. W. Bailey, trustee of the estate of J. H. Bailey, would have been entitled to recover, had he alone instituted the action. *McKinney* v. *Demby, supra; Bentonville Rd. Co.* v. *Baker,* 45 Ark. 252, and cases cited; *Davenport* v. *Devenaux,* 45 Ark. 341.

The rule that this court will only reverse cases for prejudicial error is so well settled as to render a citation of authorities to support it unnecessary. If, then, the proof showed, as under the rule above announced we must presume it did show, that the injury was suffered by W. W. Bailey while he was the owner and in the possession of said lots for himself, and in trust for another, and before any one else acquired an interest in the lots, how can it be said that the rights of the defendant were prejudiced by the mere act of making Vincent a party to

the suit? The question carries its answer; for it is manifest that the mere act of making Vincent a party plaintiff worked no prejudice to the defendant, Young.

The judgment will therefore be affirmed.