St. Louis, Iron Mountain & Southern Railway Company

*v.* McCullough.

Opinion delivered December 11, 1911.

1. JURY—COMPETENCY OF JUROR.—Where in a personal injury case a juror stated on his *voir dire* that he had heard a certain physician who treated the plaintiff for her injuries say that she was hurt, but that the remark made no impression on his mind, he was a competent juror. (Page 255.)

2. WITNESSES—JOINT ACTION BY HUSBAND AND WIFE—HUSBAND AS WITNESS.—Where a husband and wife sued jointly for personal injuries to the wife, the husband was a competent witness in his own behalf, and a general objection to his testimony was insufficient to call attention to the fact that he was incompetent to testify in his wife's behalf. (Page 256.)

3. SAME—COMPETENCY OF HUSBAND AS WITNESS FOR WIFE.—Where objection was taken to a husband testifying in a joint action in favor of himself and his wife, the error of permitting him to testify for his wife was cured by an instruction that the testimony offered by the husband is not material, so far as she is concerned. (Page 256.)

4. DAMAGES—WHEN NOT EXCESSIVE.—Where, in a personal injury action by a husband and wife, the evidence shows that the wife was violently thrown down, had three of her ribs broken was in bed three weeks and suffered great pain, had a soreness in her side, breast and shoulder, and, seven months later, continued to suffer, that her injuries disabled her from doing farm work, and that the husband had expended $40 in doctor's bill, a verdict for $1,000 damages was not excessive. (Page 256.)

Appeal from Lawrence Circuit Court; Eastern District; *R. E. Jeffery,* Judge; affirmed.

*W. E. Hemingway, E. B. Kinsworthy* and *S. D. Campbell,* for appellant.

*Smith & Blackford,* for appellee.

McCULLOCH, C. J.    This is an action instituted jointly by the plaintiffs, S. H. McCullough and his wife, Annie McCullough, against defendant railway company to recover damages on account of personal injuries to said Annie McCullough alleged to have been caused by negligence of defendant's servants in the operation of a passenger train while she was a passenger.    It is alleged, in substance, that Mrs. McCullough, together with her husband and children, took passage on a train at Hoxie, *en route* to Minturn, and that after the train reached the latter place and stopped for passengers to alight it was started up with a sudden jerk before the plaintiff could get off, and she was thrown down and severely injured.    S. H. McCullough claimed damages resulting from loss of his wife's services and for expenses of medical treatment, and Mrs. McCullough sued to recover damages sustained by reason of the suffering resulting from the injuries.    The jury returned a verdict in favor of the plaintiffs, assessing their damages in the sum of a thousand dollars, and the defendant appealed.

No question has been raised either here or below as to the joinder of the two causes of action.

This is a companion case to *St. Louis, Iron Mountain & Southern Railway Company* v. *Trotter,* recently decided by this court, *ante* p. 183, where the facts were identical except as to the extent of the injuries, the plaintiff in that case, Ada Trotter, being a daughter of Mrs. McCullough, and the facts are fully stated in the opinion in that case.    The instructions of the court in that case were identical with those given in this, and the questions of law with respect thereto were settled in the opinion, so they need not be discussed here.

We will only discuss the additional questions raised in this case.

It is first insisted that the court erred in its ruling as to the competency of a juror who stated on his examination that he had heard Dr. Steel, a physician who treated Mrs. McCul-

lough for her injuries and who was a witness in the case, say that she was hurt. He said that Dr. Steel's remark made no impression on his mind about the case, and that he had no bias or prejudice either way, but could try the case upon its merits. The juror was competent, and no error was committed by the court in so ruling.

The next assignment is that the court erred in holding that S. H. McCullough was a competent witness to testify as to his wife's injuries and the cause and extent thereof. He was a competent witness, so far as his own cause of action was concerned. *Railway Company* v. *Amos,* 54 Ark. 159. The objection was a general one to his testimony. If defendant desired that the testimony should not be considered so far as it tended to sustain Mrs. McCullough's cause of action, the court should have been asked specifically to instruct the jury to so limit it. When the general objection was made, the court, of its own motion, made a statement to the jury which we construe to be a limitation to that effect. The court instructed the jury that "the testimony offered by the husband as to manner in which the injury occurred to the wife is not material, so far as she is concerned." The jury must have construed this to mean that they were not to consider the testimony in passing upon the wife's cause of action.

It is contended that the verdict is excessive. The evidence tends to show that Mrs. McCullough was violently thrown down, and that three of her ribs were broken. She was in bed three weeks, and testified that she suffered great pain on account of the broken ribs and a soreness in her side, breast and shoulder, and at the time of the trial, which was about seven months after the injury, the suffering continued. There was other testimony to the effect that her ribs were broken, and that she was confined to her bed about three weeks. The testimony also showed that, in addition to doing general household work, she assisted her husband in doing farm work, such as hoeing and picking cotton, and that her injuries disabled her from doing that work. The proof also showed that the husband expended $40 in doctor's bills for treatment of his wife. On the whole, we are unable to say that a thousand dollars is excessive compensation to both the husband and wife for the pain and

suffering she endured and the decreased value of her services and the expenses of treatment.

Judgment affirmed.