LONDON v. McGEHEE, TRUSTEE.

Opinion delivered December 18, 1916.

1. APPEAL AND ERROR—FAILURE TO BRING ORAL TESTIMONY INTO BILL OF EXCEPTIONS.—Where the record shows that the cause was heard upon oral testimony and that that testimony was not brought into the record by bill of exceptions, this court will presume, on appeal, in favor of the finding and judgment of the trial court, that every fact necessary to sustain the judgment was proved.

2. APPEAL AND ERRORS—ERRORS NOT APPEARING UPON THE FACE OF THE RECORD.—Errors not appearing upon the face of the record, and errors which were not called to the attention of the trial court, cannot be raised, for the first time, on appeal.

3. APPEAL AND ERROR—REVERSAL—PREJUDICIAL ERRORS.—This court only reverses for errors appearing in the proceedings of the trial court that are prejudicial to the rights of the appellant.

4. APPEAL AND ERROR—BILL OF EXCEPTIONS—AMENDMENT IN VACATION—EXPIRATION OF TIME FOR FILING.—A circuit judge has no power in vacation to add to or amend a bill of exceptions after the expiration of the time for the filing of the same.

Appeal from Crawford Circuit Court; *Jas. Cochran*, Judge; affirmed.

STATEMENT BY THE COURT.

This was a suit by the appellee against appellant in ejectment to recover the possession of certain lands in Crawford county. The complaint set up that the lands had been foreclosed at a trustee's sale for the payment of an indebtedness due to the Alma Cash Store in the sum of $202.20, and that the appellee was the owner and entitled to possession under deed made in pursuance of such sale, and that appellant was in

the actual possession and refused to surrender the same to the appellee.

The appellant answered, admitting that he executed a mortgage upon the land, but denied that the mortgage was foreclosed or his title divested, and denied all the other material allegations of the complaint.

The record shows that on December 8, 1915, "this cause was called for trial and the plaintiff appeared by his attorneys, Starbird & Starbird, but the defendant was not present; but upon the plaintiff announcing ready for trial, and by consent of the plaintiff, the court, sitting as a jury, heard the cause, and the following testimony was introduced by plaintiff to prove his cause, which testimony is as follows:" Then follows a recital showing that the deed of trust and other papers were introduced in evidence by the plaintiff. Then follows this recital in the bill of exceptions: "This was all the evidence except the oral testimony of J. F. McGehee."

The court found in favor of the appellee. Appellant filed a motion for a new trial, the court overruled the same, and appellant duly prosecutes this appeal.

*Wear & London,* for appellant.

1. Defendant did not have to set up in his motion for new trial errors apparent upon the record. The trial was by the court and a jury was not waived. Kirby's Digest, § 6170. A question of fact was involved and a jury trial was necessary.

2. It devolved on plaintiff to prove his title by proper records. So far as this court knows, P. H. Thompson, trustee, was not substituted according to law. 55 Ark. 326; 91 *Id.* 354.

3. Both deeds of trust were not foreclosed. 27 Cyc. 1135 (6) and (b).

4. There was lack of evidence to justify the court in finding for plaintiff.

5. Appellant was unable to attend the trial by reason of illness and never consented to a trial by the court.

*C. A. Starbird*, for appellee.

1. The errors are not set up in the motion for a new trial. 93 Ark. 85.

2. Oral evidence was heard. The presumption is that P. H. Thompson was properly substituted as trustee. 90 Ark. 59; 93 *Id*. 85; 95 *Id*. 582.

3. None of the grounds set up here are assigned in the motion for a new trial. The bill of exceptions recites that the case was heard upon oral evidence. The presumptions are that the necessary proof was made. The motion for new trial does not assign that the judgment is not supported by the evidence. 71 Ark. 82; 83 *Id*. 77; 89 *Id*. 570.

WOOD, J. (after stating the facts.) Appellant contends that he was sick at the time the cause was called for trial in the circuit court and was therefore necessarily absent; that the court erred, in his absence, in trying the cause, sitting as a jury, without his express consent; that there was an issue of fact involved that entitled him to a trial by a jury.

Appellant further contends that there were two deeds of trust, which were given in connection with each other and covered the same real estate, and that only one of these deeds of trust was introduced in evidence, and that both were necessary to the foreclosure proceedings; also that the trustee making the sale was not the original trustee and was not properly substituted. Appellant also contends that the evidence was not sufficient to sustain the verdict, and that on account of appellant's illness, as set up in his motion for a new trial, showing that it was impossible for him to attend, the court erred in trying the issues of fact sitting as a jury, and in other particulars mentioned, and asks that the judgment be reversed. The motion for new trial did not assign as error the action of the court in

sitting as a jury. The bill of exceptions contains the recital that "this was all the testimony except the oral testimony of J. F. McGehee."

(1) The uniform holding of this court is that where the record shows that the cause was heard upon oral testimony and that testimony has not been brought into the record by the bill of exceptions, this court will presume, on appeal, in favor of the finding and judgment of the trial court that every fact necessary to sustain the judgment was proved where evidence adduced at the proper time would have justified the court's ruling. *Railway* v. *Amos*, 54 Ark. 159; *Tucker* v. *Hawkins*, 72 Ark. 21, 22; *K. C., Ft. S. & M. Ry. Co.* v. *Joslin*, 74 Ark. 551, 553; *Hempstead Co.* v. *Phillips*, 79 Ark. 263, 266; *Jonesboro L. C. & E. Ry. Co.* v. *Chicago Portrait Co.*, 81 Ark. 327.

(2) Some of the errors of which appellant complains here were not preserved and the attention of the court called to them in the motion for a new trial. Such of these as were contained in the motion for a new trial and that do not appear upon the face of the record cannot be raised for the first time in this court.

(3) This court only reverses for errors appearing in the proceedings of the trial court that are prejudicial to the rights of the appellant. Oral testimony might have been introduced at the trial of the cause that would have shown that the judgment of the court, notwithstanding the errors of which appellant complains, was correct, and that these errors were therefore not prejudicial. For instance, oral testimony might have shown that the amounts due under both deeds of trust were past due and unpaid; that demand had been made for such payment and refused, and that appellant had no defense to the foreclosure proceedings; that the trustee was properly substituted, and that the mortgages were properly foreclosed. If such proof had been made, appellee would have been entitled to a judgment, notwithstanding the court may have erred in trying the

cause sitting as a jury without the express consent of the appellant.

From the record presented to this court no prejudicial errors appear in the rulings and judgment of the trial court and the same must be affirmed.

Wood, J. (on re-hearing). Appellant, in his motion for a re-hearing, calls our attention to what purports to be the testimony of J. F. McGehee, which appellant, by certiorari, has brought into the transcript, and which he claims is a part of the record of the proceedings in this cause. It appears that this testimony was taken orally, and was not copied or made a part of the record at or after the trial of the cause and before the time expired for the filing of the bill of exceptions. But after the time for the filing of the bill of exceptions had expired, and after the bill of exceptions had been signed by the trial judge and had been filed with the clerk, a statement of the testimony of J. F. McGehee was reduced to writing and presented to the trial judge, and he, in vacation, ordered the testimony to be made a part of the record.

(4) The testimony of J. F. McGehee taken at the time of the trial could not be brought into the bill of exceptions and made a part of the record in this way. If the testimony had been reduced to writing by appellant and had been presented to the trial judge before the time expired, or if it had been identified by the presiding judge and ordered filed and made a part of the bill of exceptions before the expiration of the time for the filing of the bill of exceptions, then if such testimony had been inadvertently omitted from the bill of exceptions the circuit court could have corrected such omission and had the same supplied by *nunc pro tunc* entry. Or, if the testimony had been reduced to writing and filed with the clerk as a part of the bill of exceptions, and had been inadvertently omitted by the clerk in making up his transcript, such evidence could have been supplied by certiorari issuing out of this court. Such, however, was not the case with the testi-

mony which appellant now asks us to consider as a part of the bill of exceptions. This testimony, as we have stated, was not reduced to writing and identified by the presiding judge and filed and thus made a part of the bill of exceptions. Therefore, any attempt to supply the same by an order of the judge in vacation and after the time for the filing of the bill of exceptions had expired could not have the effect of bringing such statement into the record by bill of exceptions. A circuit judge has no power in vacation to add to or amend a bill of exceptions after the expiration of the time for the filing of such bill of exceptions. See *Stinson* v. *Shafer*, 58 Ark. 110; *Madison County* v. *Maples*, 103 Ark. 44; *Routh* v. *Thorpe*, 103 Ark. 46. Therefore, this court cannot treat the purported testimony of J. F. McGehee as a part of the bill of exceptions, and the motion for rehearing is denied.