BURON v. LITTLE RIVER COUNTY.

Opinion delivered October 6, 1924.

1. COUNTIES—DEMURRER TO CLAIM.—While ordinarily a demurrer does not lie to a claim filed against a county, since the statute does not require formal proceedings in presenting demands against counties, it was not error to sustain a demurrer to a claim against a county which sets out fully the facts upon which the claim is based, and such facts are insufficient to sustain the claim.

2. COUNTIES—LIABILITY FOR AUDIT OF BOOKS OF IMPROVEMENT DISTRICT.—The county court has no authority to employ an accountant to audit the books of an improvement district.

Appeal from Little River Circuit Court; B. E. Isbell, Judge; affirmed.

DuLaney & Steel, for appellant.

1. The original claim filed by the appellant in the county court, and the amendment thereto filed in the circuit court, stated a cause of action, and the court erred in sustaining a demurrer thereto. The facts pleaded should have been investigated and the law applicable thereto should have been put into effect. 61 Ark. 76.

2. It is within the province and the power of the county court to pay out of the county general funds for the expense of auditing the books and finances of this road improvement district, under the contract made with the appellant, and under the facts shown and admitted by the demurrer. Art. 7, § 28, Constitution; C. & M. Dig., §§ 5301, 2982, 2984; act 494, Acts 1921, § 11; 122 Ark. 114; 72 Ark. 334; 107 U. S. 356.

Shaver, Shaver & Williams, for appellee.

1. The court was correct in sustaining the demurrer. Having elected to formally plead, and having specifically pleaded all the facts, and the contract on which he relied, appellant subjected himself to the rule of pleading that his cause of action could be tested on demurrer. There is a clear distinction between the rule announced in Wiegel v. Pulaski County, 61 Ark. 76, where no formal pleadings are filed, and that in a case where such pleadings are filed. See also 76 Ark. 265. Moreover, the con-

tract relied on by appellant is pleaded, yet there are no allegations to show that any amount had been previously appropriated for the purpose evidenced by such contract. Act 192, approved March 9, 1917, § 9.

2. Act 292, Acts 1919, creating Road Improvement District No. 7 of Little River County, gave such district a separate, distinct and corporate existence, with full power to manage and control its fiscal affairs, and the right to sue and be sued, but nowhere does the act confer any jurisdiction on the county court to control or in any manner interfere with the fiscal affairs of said district. The attempt by the county court to audit the books and accounts of the district was therefore without authority of law, and the county cannot be held to pay the expense thereof. *Leathem & Co.* v. *Jackson County,* 122 Ark. 124, has no application here. See 122 Ark. 119; 84 Ark. 539; 155 Ark. 402.

SMITH, J. In the year 1922 appellant entered into a contract with Little River County, through its county judge, to audit the books and accounts of Road Improvement District No. 7 of that county. Appellant performed the service called for by the contract, and filed a claim for the compensation agreed upon, and the same was allowed. A citizen of the county made himself a party to the proceeding, and prayed and perfected an appeal to the circuit court, where he appeared and filed a demurrer, which was sustained and the cause dismissed, and this appeal is from that order of the circuit court.

The claim filed by appellant was not a mere statement of his demand. On the contrary, it contained a detailed history of the circumstances of his employment. He alleged there was disaffection among the taxpayers over the management of the affairs of the road improvement district, and that the grand jury undertook an investigation of its affairs, and caused the records and files of the district to be brought before the grand jury, but the investigation thus made was not satisfactory, and the grand jury, in its final report to the circuit court, recommended that the county court employ an expert

accountant to make an audit of the books and affairs of the district, and that a copy of this report be filed with the county court and another copy with the prosecuting attorney of the judicial district of which Little River County was a part. The statement of appellant's demand further recited that the report of the grand jury was transmitted to the county court and there filed, and, pursuant to this recommendation, the county court entered into the contract here sued on. This contract was copied in full and made a part of the demand, and there was also attached a detailed statement of the services which appellant had rendered under the contract and the expense which he had incurred which the contract required the county to reimburse.

For the reversal of the judgment in the circuit court it is first insisted that a demurrer will not lie to a claim filed against a county, and the cases of *Wiegel* v. *Pulaski County*, 61 Ark. 76, and *Hempstead County* v. *Phillips*, 79 Ark. 263, are cited in support of this contention.

In those cases it was said that a demurrer would not lie to a claim filed against the county. But those decisions must be read in the light of the facts to which the decisions apply. In both of those cases there was a mere statement of the claim against the county, verified as the statute required. There was no attempt in either case to state the facts on which the county's liability depended; but the cause of action was held not to be demurrable on that account, for the reason that the statute did not require formal pleadings in presenting demands against counties, and it was therefore not necessary that a formal cause of action be stated.

Here, however, the claimant has set out in full the facts upon which he predicates liability against the county. If the case had been fully heard in the court below, he would, no doubt, have proved the matters alleged. There is no contention that he would have offered to prove any fact not alleged. The demurrer concedes the truth of these allegations, but questions their sufficiency to sustain liability against the county.

This is the real question in the case, and one which both parties have fully argued and desire us to decide, and we proceed therefore to consider it.

We think the facts recited fail to show a valid claim which the county should be called upon to pay, and the demurrer was therefore properly sustained.

The case of *Leathem & Co.* v. *Jackson County,* 122 Ark. 114, is cited as authorizing the county court to employ an accountant to audit the books of an improvement district. But we do not think that case upholds that authority. There the accountant was employed to audit the books and accounts of certain county officers. These were officers who were required to report to and to settle with the county court. The matters audited related to the fiscal affairs of the county, and the purpose of the audit was to enable the county court to more intelligently exercise a jurisdiction conferred upon it by law. No such duty or jurisdiction is conferred upon the county court in regard to the affairs of the improvement district. The officers of the district were not required to report to or make settlement with the county court, and that court had no function to perform in this behalf, and the court had therefore no authority to incur this expense as an obligation to be paid by the county.

The right of the grand jury to inspect the records of the district is not questioned, and as much time could have been consumed by that body as was required for that purpose; but the recommendation of the grand jury added nothing to the jurisdiction of the county court.

It is insisted that the authority to have this audit made is necessarily implied to make effective the provisions of act 494 of the Acts of 1921, page 490. This act provides for the registration of motor vehicles, and fixes the fees for registering and licensing such vehicles, and § 11 thereof apportions the revenue so derived. This section provides that seventy per cent. of such money shall be paid by the collector thereof into the treasury of the county in which the collections were made, to the credit of a fund to be known as the county highway

improvement fund, and that the same shall be expended by the county court upon the public highways of said county, and that the county court shall apportion these funds among the various road districts and the road improvement districts for the purpose of constructing and maintaining roads, the apportionment to be made by the county court after taking into account the relative importance of said roads. The argument is made that, having thus apportioned funds to a particular improvement district, the county court has the inherent right to audit the affairs of such district to ascertain the uses of the money so apportioned.

It appears, however, that such was not the real purpose of the audit, as the information desired related to the disbursement of the proceeds derived from the sale of bonds of the district. Moreover, act 494 does not contemplate that the funds derived pursuant to these provisions shall be turned over to the improvement districts. They are paid into the county treasury, and are disbursed by the county treasurer. The county court itself has control of these funds and their apportionment, and we think there is nothing in this act 494 which confers authority on the county court to have a general audit of the improvement district's affairs made at the expense of the county.

The claim presented seeks to impose a liability on the county not authorized by law, and the demurrer was therefore properly sustained, and the judgment of the circuit court is affirmed.