DIXIE LIFE & ACCIDENT INSURANCE COMPANY *v.* LEACH.

4-5408                                   126 S. W. 2d 926

Opinion delivered March 27, 1939.

*Ben D. Brickhouse* and *Henry H. Rightor, Jr.,* for appellant.

*A. M. Coates,* for appellee.

HOLT, J.   This action was begun in the Phillips circuit court by appellee against the appellant to recover the sum of $200 on an insurance policy issued by appellant on the life of Silas Leach, husband of appellee. The complaint filed on April 9, 1938, alleged the issuance of the policy, the payment of the premiums, the death of the insured, Silas Leach, due proof of death, that appellee was the beneficiary, and that all conditions and requirements under said policy had been fully complied with by appellee.   Appellant filed an answer in which it denied every material allegation set out in the complaint and in addition defended on the further grounds that the death of Silas Leach was due to high blood pressure,

which caused heart trouble, and that in the application for insurance, signed by the deceased, he stated that he did not have heart trouble and was in sound health, that this statement was untrue and that said application was a part of the insurance contract. Subsequently appellant filed an amendment to its answer in which it set up a release by appellee of all rights and claims which she might have had growing out of said policy.

The case was tried to a jury and a judgment rendered in favor of appellee in the sum of $200, and as part of the costs a 12 per cent. penalty and an attorney's fee of $50 on behalf of appellee were assessed. A motion for a new trial was filed, and on May 19, 1938, the trial court heard and overruled this motion. To this action of the court appellant duly excepted, asked for and was granted an appeal to this court and a period of 160 days from May 19, 1938, was granted appellant in which to prepare and file its bill of exceptions. This bill of exceptions was not filed until October 29, 1938, which was 163 days from May 19, 1938, or three days beyond the time allowed by the trial court.

The grounds assigned by appellant for a reversal of the judgment in this case relate to errors alleged to have been committed in the trial of the case. In order to present these errors properly to this court they must appear in the record. In order that the matters complained of may become a part of the record they must be properly preserved and presented in a bill of exceptions duly signed by the trial judge and filed with the clerk within the time allowed by the trial court. This was not done in this case. This court has many times held, in an unbroken line of decisions, that where the bill of exceptions was not filed in time, and the evidence is not brought into the record by a bill of exceptions, this court can only consider, on appeal, errors apparent on the face of the record.

In *Petroleum Producers' Association* v. *First National Bank*, 165 Ark. 267, 263 S. W. 965, this court said: ''Where time is allowed by the trial judge for filing a bill of exceptions beyond the term for a given number of days, the rule for computing the period

allowed is the same as that of any other statute of limitations, and it excludes the day on which the order granting the time is made and includes the last day. *Early & Co.* v. *Maxwell & Co.,* 103 Ark. 569, 148 S. W. 496; *Peebles* v. *Columbian Woodmen,* 111 Ark. 435, 164 S. W. 296. . . . According to numerous decisions of this court, where time is allowed for filing a bill of exceptions, the bill should not only be signed within the time, but should be filed with the clerk within the time so allowed. *Pekin Stave Co.* v. *Watts,* 95 Ark. 331, 129 S. W. 796.'' See, also, *Engles* v. *Okla. Oil & Gas Co.,* 163 Ark. 270, 259 S. W. 749, and *L. D. Powell Co.* v. *Stockard,* 170 Ark. 424, 279 S. W. 1001. In the absence of the bill of exceptions, the presumption is that the evidence adduced at the trial sustained the finding and judgment of the court below. *Williamson* v. *Mitchell Auto Co.,* 182 Ark. 296, 31 S. W. 2d 413.

It is urged by appellant that the judgment of $200 rendered in favor of appellee erroneously exceeded the face value of the policy, that in no event, under the terms of the policy, was appellee entitled to a cash benefit value of more than $180 or a funeral benefit of $200. The trouble with this assignment of appellant is that the insurance contract in question was not made a part of appellee's complaint, nor was any request made by appellant that the provisions of the policy be made a part thereof. The record reflects that the policy was introduced in evidence by appellee and thereby made a part of the record, and since we hold that there is no bill of exceptions before us in this case, we, cannot consider the provisions of this policy relative to what amount of cash benefit appellee would be entitled. That clearly was a matter of proof. The provisions of the policy do not appear on the face of the record.

We conclude, therefore, that since the bill of exceptions in this case was not filed in apt time, and since no errors of law appear on the face of the record, the judgment must be affirmed, and it is so ordered.