THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* McCOY, ADMINISTRATRIX.

4-6892                                         166 S. W. 2d 663

Opinion delivered December 14, 1942.

*Thos. S. Buzbee* and *A. S. Buzbee,* for appellant.

*O. D. Longstreth, John D. Thweatt* and *Cooper Thweatt,* for appellee.

SMITH, J. This is the second appeal in this case. The opinion in the former appeal appears in 203 Ark. 596, 157 S. W. 2d 761. It was there held that the purported bill of exceptions was not filed within the time and in the manner required by law, and as no error appeared upon the face of the record the judgment was affirmed.

It was alleged in the original complaint in this case that plaintiff's intestate sustained an injury which caused his death while employed by the railway company, and suit was brought to recover damages therefor.

After the affirmance of the judgment, for the reason just stated, a motion was filed in the court below where the cause had been tried to vacate the judgment upon the ground that the court had no jurisdiction of the cause of action, and that the judgment was, therefore, void. Upon the hearing of this motion testimony was offered to the effect that the injured servant resided in Lonoke county, and was injured in that

county, yet his administratrix brought suit in Prairie county. It is alleged that under these facts the court was without jurisdiction to try the case, and the insistence is that the judgment should be vacated as having been rendered by a court having no jurisdiction of the subject-matter of the action.

Under the facts stated, the Prairie Circuit Court was without jurisdiction of the subject-matter. *Fort Smith Gas Co* v. *Kincannon, Judge,* 202 Ark. 216, 150 S. W. 2d 968; *Terminal Oil Co.* v. *Gautney, Judge,* 202 Ark. 748, 152 S. W. 2d 309; *Kornegay* v. *Auten, Judge,* 203 Ark. 687, 158 S. W. 2d 473.

When these facts were made to appear, the plaintiff should have been non-suited and the cause of action dismissed. But these facts were neither alleged nor admitted in the pleadings, and testimony was required to establish their existence.

Assuming that such facts were shown by the testimony at the original trial, a bill of exceptions would, nevertheless, be necessary to bring them into the record. In the absence of a bill of exceptions, it must be presumed—and the presumption is conclusive—that, if competent testimony could have been offered which would have sustained the judgment, such testimony was offered. A great many cases have announced and applied this rule of practice, and, among others, the following: *Young* v. *Vincent,* 94 Ark. 115, 125 S. W. 658; *London* v. *McGehee, Trustee,* 126 Ark. 469, 191 S. W. 10; *Coblentz & Logsdon* v. *L. D. Powell Co.,* 148 Ark. 151, 229 S. W. 25; *Dixie Life & Accident Ins. Co.* v. *Leach,* 197 Ark. 1072, 126 S. W. 2d 926.

In the case of *Young* v. *Vincent, supra,* Justice Hart said: ''No bill of exceptions was filed or brought into the record. Where the record does not contain the evidence adduced at the trial, 'every intendment is indulged in favor of the action of the trial court, and this court will presume that every fact susceptible of proof that could have aided appellee's case was fully established. The salutary rule of law is that every judgment of a court of competent jurisdiction is per-

1120

sumed to be right unless the party aggrieved will make it appear affirmatively that it was erroneous.' *McKinney v. Demby*, 44 Ark. 74; *Hempstead County v. Phillips*, 79 Ark. 263, 95 S. W. 133, and cases cited.''

In the case of *London v. McGehee, Trustee, supra*, Justice Wood said: ''The uniform holding of this court is that where the record shows that the cause was heard upon oral testimony and that testimony has not been brought into the record by the bill of exceptions, this court will presume, on appeal, in favor of the finding and judgment of the trial court that every fact necessary to sustain the judgment was proved where evidence adduced at the proper time would have justified the court's ruling. *Railway v. Amos*, 54 Ark. 159, 15 S. W. 362; *Tucker v. Hawkins*, 72 Ark. 21, 77 S. W. 902; *K. C., Ft. S. & M. Ry. Co. v. Joslin*, 74 Ark. 551, 86 S. W. 435; *Hempstead County v. Phillips*, 79 Ark. 263, 95 S. W. 133; *Jonesboro, L. C. & E. Ry. Co. v. Chicogo Portrait Co.*, 81 Ark. 327, 99 S. W. 75.''

Numerous other cases have applied the same rule.

It follows, therefore, that the judgment here appealed from must be affirmed, and it is so ordered.