## FLAKE v. HILL.

### Opinion delivered July 9, 1917.

APPEAL AND ERROR—FAILURE TO ABSTRACT RECORD.—A cause will not be reversed on appeal, where the appellant has failed to abstract the record.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran,* Judge; affirmed.

*Dave Partain,* for appellant.

1. Bert Hill was not sworn as a witness.

2. The verdict is clearly excessive and contrary to law and the evidence. 81 Ark. 13.

3. Plaintiff absolutely failed to make out his case, even on his own testimony and not sworn to. He himself violated the contract.

*G. O. Patterson,* for appellee.

The court properly overruled the demurrer and refused appellant's instructions 1, 2 and 3. It properly gave Nos. 1 to 7 on its own motion.

The judgment is right on the evidence, even if appellee was not sworn. No errors are pointed out properly in the abstract of appellant.

HUMPHREYS, J. Appellee instituted this suit against appellants on the 2d day of February, 1915, in the Ozark District of Franklin County, to recover damages on account of the alleged unlawful withholding of certain chattels to which appellee was entitled by virtue of a compromise agreement and order entered in a replevin suit by appellant Flake against appellee.

All of the material allegations in the complaint were denied by appellants.

The cause was submitted to the jury upon the pleadings, evidence adduced, and instructions of the court. A verdict for $65 was returned in favor of appellee and judgment rendered in accordance therewith. Proper steps were taken, and an appeal from the judgment has been lodged here.

Appellant insists that the judgment should be reversed—

*First.* Because appellee was permitted to give testimony without having been sworn.

*Second.* Because the verdict and judgment was excessive.

*Third.* Because the verdict was contrary to the evidence and the law.

Rule 9 of this court provides that the appellant shall abstract or abridge the transcript by setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all the questions presented to this court for decision.

No evidence whatever has been abstracted by appellants. The evidence abstracted by appellee in no way as-

sists appellants in maintaining their alleged assignments of error.

In reference to the first assignment of error this court has held that (quoting syllabus 1), "A cause will not be reversed because a witness was not sworn before being permitted to testify, where the omission was a mere inattention, and where appellant raised the question for the first time after verdict." *St. L., I. M. & S. Ry. Co.* v. *Hairston,* 125 Ark. 314.

We are not informed by the abstract as to whether appellee testified without taking the oath, or whether the oath was not administered through omission or mere inattention, or whether any objection was made at the time to the witness testifying without taking the oath required by law. From the abstract before us, the first intimation of any objection to the witness testifying on this account appeared in the motion for new trial.

With reference to the second and third assignments of error, it is impossible for us to intelligently pass upon them without exploring the transcript to ascertain what testimony was given.

For the failure to comply with rule 9 of this court, the judgment is affirmed.