COBLENTZ & LOGSDON *v.* L. D. POWELL COMPANY.

Opinion delivered April 4, 1921.

1. APPEAL AND ERROR—PRESUMPTION IN ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions setting forth the facts on which the cause was heard, every presumption must be indulged in favor of the judgment of the court below.

2. CORPORATIONS—FOREIGN CORPORATION DOING BUSINESS IN STATE.—The taking of an order for law books by the traveling salesman of a foreign corporation, which order was transmitted to the corporation and accepted by it and the books shipped to the purchasers under a contract by which the title was retained in the seller

until the purchase money was paid, was not the "doing of business in the State," in contemplation of Crawford & Moses' Digest, § 1826.

3.  SALES—REMEDIES OF SELLER.—Upon the failure of the purchasers to pay for books, title being reserved in the seller, the latter had the right either to bring replevin for the books or to waive the reservation of title and affirm the sale by suing for the debt, in which case it could impound the books under Crawford & Moses' Digest, §§ 8729, 8730.

Appeal from Pike Circuit Court; *Jas. S. Steel,* Judge; affirmed.

*Pinnix & Pinnix,* for appellants.

1.  This case falls within the familiar elementary rule that the seller of personal property who has reserved title until the purchase money is paid may upon default retake the property and thereby cancel the debt or may sue to recover the debt and thereby affirm the contract. 88 Ark. 99; 113 S. W. 1023. The contract in question was conditional, the purchase price must be paid, or the property might be retaken. The option belonged to appellee as vendor, and not to appellants as vendees. The debt was absolute if appellee elected to treat it as such. When appellants discontinued their payments on account, appellee could either retain the property as its own or sue for the price, but it could not do both. It was for appellee to elect. 3 Johns. Chy. 416; 18 N. Y. 552. It could not recover the price and also retake possession of the goods sued. 24 R. C. L., p. 491, § 785; 27 L. R. A. (N. S.) 220; 83 Wis. 31; 35 Am. St. Rep. 17 and note; 10 *Id.* 487-494 and notes; 38 *Id.* 626; 146 U. S. 42; 84 Fed. 80; 62 Conn. 25.

2.  A man can not have a lien on that which he owns. 118 U. S. 663; 93 *Id.* 664; 72 *Id.* 5 Wall. 307; 102 U. S. 235; 48 Ark. 273; 49 *Id.* 63; 55 *Id.* 642; 60 *Id.* 133; 100 *Id.* 403; 97 *Id.* 432. The title to the property remains in the seller, and the transaction is an intrastate one and can not be enforced in this State. 136 Ark. 55.

*J. S. Butt,* for appellee.

Appellee was not "doing business in" this State. 60 Ark. 120; 115 *Id.* 166; 125 *Id.* 413. The contract was made and the goods delivered in a foreign State. 100 Ark. 403; 108 *Id.* 442; 111 *Id.* 640. See, also, 117 *Id.* 496; 78 *Id.* 529.

Appellee had the right to take the property and hold it subject to the order of court. Kirby's Digest, § 4967.

WOOD, J. This is an action by the appellee against the appellants to recover the sum of $257.65, the purchase price of certain law books which the appellants purchased of the appellee. By consent of the parties the cause was heard before the trial court sitting as a jury. The judgment of the court recites that the cause was heard "on the following evidence: The contract for the purchase of the books in controversy, the affidavit for issuance of attachment to enforce vendor's lien thereon, the writ issued thereunder, the return of the officer on the said writ, and the agreed statement of the facts in the case signed by the attorneys representing the respective sides."

The agreed statement of facts in the transcript is as follows: "It is agreed between J. S. Butt, attorney for plaintiff, and T. W. Rountree, attorney for defendants, that the plaintiff is a foreign corporation.

"It is further agreed that said plaintiff has not complied with the law of the State authorizing foreign corporations to do business in the State.

"It is further agreed that the books upon which the claim sued on is based were contracted for in the State of Arkansas, or rather that the order was taken in the State by a traveling man representing the plaintiff.

"It is agreed that the books were shipped by plain- and the express paid by plaintiff.

"It is further agreed that the contract expressly provided that the title should remain in the plaintiff until they were paid for.

"That said plaintiff has never parted with the title to such books. It is further agreed that all the books

claimed by plaintiff to have been shipped have been except volume 22 of Encyclopedia of Procedure, and defendants offer to return books.''

The court found, as recited in the judgment, as follows: ''That the debt herein sued on was for the purchase money due on the two sets of books sold defendants by the plaintiff, towit, Encyclopedia of Evidence, and Standard Encyclopedia of Procedure, and that the said books were at the time of the issuance of the writ in the hands of the purchasers thereof, and were levied on by the officer serving said writ and are at this time in the hands of the officer as shown by his return, and that the plaintiff is entitled to a lien thereon for the amount due, and that there is now due the plaintiff the sum of $264.01.'' The court thereupon entered a judgment in favor of the appellee against the appellants in the sum of $264.01, and ordered the books sold and the proceeds thereof credited on the judgment. From that judgment is this appeal.

There is no bill of exceptions brought into this record setting forth the contract, the agreed statement of facts, the affidavit for the vendor's lien, the writ issued thereunder, and the return of the officer on the same, upon which the cause was heard as recited in the judgment of the court. In the absence of a bill of exceptions setting forth the above facts upon which the cause was heard, every presumption would have to be indulged in favor of the judgment of the trial court, and its judgment would have to be affirmed for that reason if there were no other. But, even if there were a bill of exceptions showing the facts as set forth in the alleged agreed statement, and setting forth the contract, and the proceedings to impound the property, the judgment would still have to be affirmed. The taking of an order from the appellants by the appellee's traveling salesman for certain books which order was transmitted to the appellee and accepted by it and the books shipped to the appellants under a contract by which the title was reserved in the appellee until the purchase money was paid, is not

the doing of business in this State in contemplation of act of May 13, 1907, page 744, Crawford & Moses' Digest, § 1826; see also § 1832.

The contract for the sale of these books was consummated when the order therefor was accepted by the appellee at its home office in a foreign State and the books delivered there to the transportation company for shipment to the appellants. When this was done, the appellee lost all control over the books except the owner's rights and remedies in case the appellants failed to pay for the books and thus to comply with the conditions upon which they were purchased. The case differs in all essential particulars on the facts from the case of *Hogan* v. *Intertype Corp.,* 136 Ark. 58, and cases there cited upon which the appellants on this point rely. Conceding that the facts were as stated in the agreed statement, the sale and purchase in this case was wholly a transaction of interstate commerce, and not in violation of any of our statutes forbidding foreign corporations to do business in this State except in compliance therewith.

Upon the failure of appellants to pay the purchase price and thus to comply with the conditions upon which the sale was made, the appellee either had the right to elect to bring replevin under its reservation of title and recover the books sold by it, or it could waive this right and sue to recover the debt and affirm the sale. *Butler* v. *Dodson,* 78 Ark. 569; *Bowser Furn. Co.* v. *Johnson,* 117 Ark. 496. The appellee has elected in this case to pursue the latter remedy, and, having done so, its choice to pursue this course is not inconsistent with the rights given it as a vendor under chapter 156, Crawford & Moses' Digest, to impound the property while the same is in the possession of the vendee and to hold the same subject to the order of the court. See sections 8729-30, Crawford & Moses' Digest, and cases cited under the latter section.

The judgment is correct, and it is therefore affirmed.