McKINNEY *v.* FIRST NATIONAL BANK OF BATESVILLE.

Opinion delivered March 13, 1922.

1. COUNTIES—INTEREST-BEARING EVIDENCES OF INDEBTEDNESS.— Under Const. art. 16, § 1, providing that no county, city or municipality shall issue any interest-bearing evidences of indebtedness, an attempt on the part of the county court to provide for the payment of interest is void.

2. COUNTIES—INTEREST-BEARING WARRANTS.—County warrants stipulating that they shall bear interest, if issued upon proper allowances by the county court, are not void except to the extent of the stipulation to pay interest.

3. Counties—order calling in warrants—reissuance.—Where county warrants are presented in pursuance of an order of the county court calling them in for cancellation and reissuance, it is the duty of the county court to order a reissuance thereof to the extent that they are valid and legal claims against the county.

4. Appeal and error—absence of bill of exceptions—presumption.—In the absence of a bill of exceptions it will be presumed that the evidence sustained the court's findings.

Appeal from Independence Circuit Court; *Dene H. Coleman*, Judge; affirmed.

*I. J. Matheny* and *W. M. Thompson*, for appellants.

The county court was legally in session. The order was advertised as required by law. C. & M. Digest, § 1994. The sheriff's return was full and complete. 134 Ark. 100.

The presentation of the scrip was a waiver of the insufficiency of the notice. 33 Ark. 740.

The warrants were issued in violation of law. Const. 1874; 36 Ark. 89; 130 Ark. 116.

The contracts entered into between the county judge and the banks were void. Constitution 1874, art. 16, § 1; 29 Ark. 386; 32 Ark. 619; 47 Ark. 378; 77 Ark. 580; 91 Ark. 61; Bishop on Contracts, § 458.

A contract to perform an unlawful act cannot be enforced. 95 Ark. 552.

*C. F. Cole, Ernest Neill* and *Samuel M. Casey*, for appellees.

The failure of appellants to bring the oral testimony into the record calls for an affirmance. 38 Ark. 477; 80 Ark. 579; 80 Ark. 206; 92 Ark. 622; 117 Ark. 221.

The certificate of the clerk was in conflict with the judgment. 129 Ark. 193.

The warrants were valid claims against the county and should have been reissued. 118 Ark. 524; 120 Ark. 476; 96 Ark. 105.

The indorsement on the warrants providing for the payment of interest did not render them void.     116 Ark. 377.

McCulloch, C. J.   The price of the county warrants of Independence County became depreciated, or it was thought that they were about to become depreciated, and on November 1, 1917, the county court entered an order reciting that certain banks in the city of Batesville had agreed to cash the warrants thereafter issued so as to keep the price of warrants at par, and that thereafter the county would pay interest on the warrants semi-annually at the rate of 8 per cent. per annum, payments to be made on the first Monday in May and November if the holders of the warrants should file with the county clerk a list on which interest was claimed.   The order of the county court further provided that there should be endorsed on each warrant thereafter issued a stipulation in the following form:

"The holder of this warrant is entitled to the benefits accruing under an order made by the county court on the 1st day of November, 1917."

It appears that appellees, three banking institutions in the city of Batesville, are the holders of warrants aggregating the face value of the sum of $61,771.33, issued by the county court after November 1, 1917, and bearing the notation set forth above.

The county court made and entered an order on July 25, 1921, calling in all of the county warrants for cancellation and reissuance, and, pursuant to the order, each of the appellees presented for reissuance the warrants which it held.   The county court decided that the warrants held by appellees were void on account of the notation in regard to the payment of interest, and made an order canceling the warrants.

Appellants were made parties in the county court as citizens and taxpayers protesting against the reissuance of the warrants held by the appellees.

There was an appeal prosecuted to the circuit court by the present appellees, and on the trial in that court there was a judgment directing the reissuance of'the warrants for their face value, without adding any accumulated interest and without the notation for the payment of interest in the future.

An appeal has been prosecuted to this court, but there is no bill of exceptions bringing into the record the testimony in the form of an agreed statement of facts upon which the case appears to have been heard.

The Constitution, article 16, § 1, provides that no county, city or municipality shall issue any interest-bearing evidences of indebtedness, and the attempt on the part of the county court to provide for the payment of interest was void. *Quinn* v. *Reed,* 130 Ark. 116.

The warrants, if issued upon proper allowances made by the county court, were not void except to the extent of the stipulation to pay interest. *Forrest City* v. *Bank of Forrest City,* 116 Ark. 377.

It was the duty of the county court, upon the presentation of the warrants, to order a reissuance thereof to the extent that they were valid and legal claims against the county. *Monroe County* v. *Brown,* 118 Ark. 524.

There being no bill of exceptions in the case preserving the evidence upon which the cause was heard, we must indulge the presumption that the trial court was justified in finding that the warrants were valid to the extent of the amounts stated on the face, exclusive of the agreement to pay interest.

It is contended by counsel for appellants that interest was unlawfully collected on these warrants, and that the amounts so collected should be deducted from the reissued warrants, but we must also assume, in the absence of a bill of exceptions, that there was no proof made of the collection of interest.

The judgment is therefore affirmed.