S. B. Wilson Telephone Company v. John A. Roebling's Sons Company.

Opinion delivered July 2, 1923.

Corporations—foreign corporation—doing business in state.—A foreign corporation, selling to one in this State through negotiations conducted by correspondence between the parties from their respective domiciles and shipping the goods f. o. b. at place of shipment, was not doing business in the State, and could sue on the purchase money note without complying with the statute for doing business in this State.

Appeal from Woodruff Chancery Court, Southern District; *A. L. Hutchins,* Chancellor; affirmed.

*J. W. House, Jr.,* for appellant.

Appellee is a foreign corporation not authorized to do business in this State and not entitled to make or enforce here any contract for such business done. Sec. 1832, C. & M. Digest.

*Roy D. Campbell,* for appellee.

Although appellee is a foreign corporation not authorized to do business in this State, the business done was interstate commerce, and it was entitled to sue upon the contract without offending against the terms of the statute. 98 Ark. 597; 133 Ark. 505; 136 Ark. 52. It is apparent that this appeal was taken for delay, and the decree should be affirmed with penalty.

McCulloch, C. J. Appellee is a New Jersey corporation, with its domicile and principal place of business in that State, and it sold and delivered to appellant, S. B. Wilson Telephone Company, a domestic corporation operating a telephone line at Cotton Plant, in this State, a certain quantity of metal cable to be used in the operation of a telephone plant. Co-appellants of the telephone company entered into a contract with appellee, before the sale, to guarantee payment of the price, appellee having refused to make the sale without such guaranty. The negotiations which resulted in the sale were conducted by correspondence between the parties

from their respective domiciles, and, when the order was accepted, appellee manufactured the cable at its plant in New Jersey and shipped it by common carrier, f. o. b. at the place of shipment, to the telephone company at Cotton Plant. Subsequently the guarantors executed to appellee a negotiable promissory note for the price, and the present action was instituted by appellee on the note.

The only defense offered below was that appellee could not sue in this State because it had not complied with the statutes of this State with reference to doing business here.

There is no evidence in the record that appellee ever did any business in this State or maintained any place of business here. Unless the character of this transaction constituted doing business in this State, then appellee is not open to the charge of having violated the statute by attempting to do business here without complying with its terms.

The subject of what constitutes interstate commerce in the sale and delivery of merchantable articles has been thoroughly discussed and determined in several very recent cases, in which it was decided that the solicitation of orders in the State by traveling salesmen or by written correspondence does not constitute doing business in this State, where the contract of sale relates to a sale accepted in another State and shipment therefrom to a purchaser in this State. *Coblentz & Logsdon* v. *L. D. Powell Co.,* 148 Ark. 151; *Rose City Bottling Works* v. *Godchaux Sugars, Inc.,* 151 Ark. 269; *L. D. Powell Co.* v. *Roundtree,* 157 Ark. 121. According to the undisputed evidence in this case, the transaction now under review falls within each of those decisions, and constituted an interstate and not an intrastate transaction. Appellee was entitled to sue on the contract without offending against the terms of the statute.

Decree affirmed.