COMMERCIAL CREDIT COMPANY v. STANLEY.

Opinion delivered March 31, 1924.

1. SET-OFF AND COUNTERCLAIM—RIGHT TO MAINTAIN.—Where, in a suit in replevin, a money judgment is sought as damages for detention of the chattel, a counterclaim may be maintained.

2. PLEADING—DEMURRER.—A demurrer will not lie to a counterclaim properly pleaded, nor to an answer which states facts sufficient to constitute a defense to the cause of action alleged.

3. APPEAL AND ERROR—FAILURE TO BRING UP EVIDENCE.—Where the testimony in a case is not brought into the record by bill of exceptions, it will be presumed on appeal that there was sufficient evidence to sustain the judgment.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge: affirmed.

*A. D. Whitehead,* for appellant.

*Moore & Moore,* for appellee.

HUMPHREYS, J.   On the 21st day of August, 1922, Mott Motor Company sold a four-cylinder Ford truck to W. H. Stanley, retaining a title in itself and its assignees until the purchase money should be paid.   On the same day the conditional sales contract and the note given by Stanley for the purchase money was assigned to appellant.   Upon failure to pay the purchase money, appellant brought this suit in replevin in the circuit court of Phillips County to recover the truck and $20 damages for the detention thereof.

W. H. Stanley surrendered his interest in the truck, and no summons was served on him.

Process was served upon appellee, Will Ragsdale, who had possession of the truck, claiming a mechanics' lien thereon for labor and material.   He filed an answer and counterclaim, alleging that appellant was indebted to him in the sum of $62.70 for labor and material furnished to repair the truck.   He attached thereto a copy of the mechanics' lien he had filed against said truck in the clerk's office on the 19th day of March, 1922.

Appellant filed a demurrer to the answer and counterclaim, which was overruled.   It then filed a reply thereto,

denying that it was indebted to said appellee for repairs upon the truck, and alleged that, if he had repaired same, he had done so without authority of appellant.

The cause was submitted to the court, sitting as a jury, which resulted in a judgment for the return of the truck to said appellee, from which is this appeal.

Appellant first contends for a reversal of the judgment upon the ground that the counterclaim is not allowable in a suit for the recovery of property. While this is a suit in replevin, a money judgment was sought as damages for the detention of the truck. Where money judgments are sought, counterclaims may be maintained. *Coats* v. *Milner,* 134 Ark. 311; *Smith* v. *Glover,* 135 Ark. 531; *Funk* v. *Young,* 138 Ark. 38; *Huggins* v. *Smith,* 141 Ark. 87. Again, the matter set up in the answer was a good defense, if proved, against an action for the possession of the truck. Appellee alleged in his answer that he had a lien on the truck paramount to the claim of appellant therein. It is true the conditional sales contract antedates the mechanics' lien, but the answer tendered an issue of whether appellant authorized appellee to repair the truck. In appellant's reply to the answer and counterclaim, denial was made that it authorized appellee to make said repairs. A demurrer will not lie to a counterclaim properly pleaded, nor to an answer which states facts sufficient to constitute a defense to the cause of action alleged.

Appellant's next and last contention for a reversal of the judgment is that the undisputed proof shows it was entitled to recover the possession of the truck. This contention is based upon the fact that the contract retaining title is dated before the mechanics' lien. This may all be true, and yet the testimony may have shown that appellant authorized appellee to repair the truck. The testimony was not brought into the record by bill of exceptions, so we must presume, on appeal, that there was sufficient evidence to sustain the judgment.

No error appearing, the judgment is affirmed.