CRAWFORD *v.* LOUISVILLE SILO & TANK COMPANY.

Opinion delivered October 27, 1924.

1.  COURTS—CONCLUSIVENESS OF FEDERAL DECISION.—In determining whether a sale to a resident of the State for a foreign corporation is a transaction in interstate commerce, this court is governed by the decisions of the Federal Supreme Court.

2.  COMMERCE—SALE TRANSACTION IN INTERSTATE COMMERCE WHEN. —Where defendant's order for a granary was signed by defendant, subject to approval of plaintiff corporation at its home office outside of the State, and the granary, with others, each marked with purchaser's name, was shipped in the same car, and all

were consigned to plaintiff's agent, who delivered the granary to defendant, *held* that the transaction was one of interstate commerce, and not within Acts of 1907, p. 431, prescribing conditions to right of foreign corporations to sue.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark*, Judge; affirmed.

*Geo. C. Lewis,* for appellant.

*M. F. Elms,* for appellee.

HART, J. The Louisville Silo & Tank Company brought this suit against John R. Crawford to recover on a promissory note for $1,000. By consent of the parties, the cause was heard before the circuit court sitting as a jury.

The court made the following findings of fact and declarations of law:

"This action is instituted by the plaintiff against the defendant to recover the sum of one thousand dollars on the promissory note offered in evidence. The defendant answered denying the right of the plaintiff to maintain this action because of the failure of the plaintiff to domesticate itself by compliance with the act of 1907. The plaintiff admitted such failure to comply with the laws of the State, Acts of 1907, but denied it was doing business within the purview of the act of 1907.

"The undisputed evidence shows that Earl Rhodes, agent for the plaintiff, solicited and obtained a written order from the defendant, which, together with other orders, was transmitted to the plaintiff company and sales confirmed, and the granaries shipped in a car to Stuttgart, freight bill made to Earle Rhodes, Stuttgart, Ark., and car received and freight paid by Rhodes, and the granary in controversy was delivered to the defendant either from the car or platform of the common carrier, the railroad company. The shipment originated in the State of Ohio. These transactions occurred in 1918. In July, 1920, the president and another representative of the plaintiff company called upon defendant, and, after some negotiations, reached an agreement by which an allowance was made defendant, and a note executed

for the sum of $1,000. The defendant had stored his rice crop there in 1919, and continued to store some rice there in 1920, 1921 and 1922. Certain repairs were made, or attempted to be made, on the granary at the time the president of the company procured the note sued on. The court finds the fact to be that plaintiff was not doing business in the State at the time of the sale or delivery of the granary; that the transaction was one of commerce between citizens of different States, and therefore the act of 1907 has no application. That the renewal note waived all defenses pleaded and relied upon by the defendant as to any breach of warranty and misrepresentations claimed to have been made in the sale of the granary, and it therefore follows that plaintiff is entitled to judgment for the amount of the note, together with interest, as provided therein.''

The findings of facts made by the court are borne out by the evidence in the record, and, in addition thereto, it may be stated that, while the granaries were all shipped in the same car, each one was marked in the name of the purchaser.

The defendant has appealed from a judgment against him in favor of the plaintiff.

The sole reliance for a reversal of the judgment is that the circuit court erred in holding that the sale was a transaction in interstate commerce, and beyond the regulatory power of the State.

Upon this question this court must be governed by the decisions of the Supreme Court of the United States. The contention of counsel for the defendant has been decided adversely to him in *Rogers* v. *Arkansas,* 227 U. S. 401. There, as here, the corporation had no permanent place of business in the State of Arkansas, and its agents solicited orders, to be approved by the home office outside of the State. Vehicles to fill the orders, tagged with the names of the purchasers, were shipped in carload lots from their place of manufacture without the State to a point in the State near where they were to be delivered. The vehicles were consigned to the com-

pany. They were delivered by the agents of the selling company to the purchasers whose names appeared upon the tags attached to the vehicles. The court held that this was merely a matter of detail in the manner in which the business was conducted, and did not affect its character as interstate commerce.

In the instant case the order for the granary was signed by the defendant, subject to the approval of the plaintiff at its home office outside of the State. The granary, with others, each marked with the name of the purchaser, was shipped in the same car, and they all were consigned to the agent of the plaintiff. The granary was delivered to the defendant by the agent of the plaintiff. So it will be seen that the facts are in all essential respects the same as those in the Rogers case, and constitute a transaction in interstate commerce.

Our later cases on the subject sustain this view of the law.

In *Hogan* v. *Intertype Corporation*, 136 Ark. 52, a foreign corporation shipped into the State, to its own order, a type-setting machine which Hogan had agreed to purchase if a man would set it up and demonstrate that the machine would do the work represented. It will be noted in that case that the sale was not completed until the demonstration was made to the satisfaction of the prospective purchaser. Therefore the transaction was held to be an intrastate one.

In *Coblentz & Logsdon* v. *L. D. Powell Co.*, 148 Ark. 151, an order for books was accepted by a foreign corporation at its home office and the books delivered there to a transportation company for shipment to the purchaser in this State. The sale was complete in the foreign State, subject to the seller's right to retake under the contract in case the purchaser failed to pay for the books in accordance with the condition upon which they were purchased. The sale and purchase in this case was therefore held to be wholly a transaction in interstate commerce.

It follows from our own decisions, as well as those of the Supreme Court of the United States, that the facts as they appear in the record show the transaction in this case to be one in interstate commerce.

Therefore the judgment will be affirmed.