POWER MANUFACTURING COMPANY *v.* ARKANSAS RICE
GROWERS' COOPERATIVE ASSOCIATION.

## Opinion delivered March 22, 1926.

1. TRIAL—WHEN EQUITABLE CASE STANDS FOR TRIAL.—Under Crawford & Moses' Dig., § 1288, providing that equitable actions shall stand for trial when the pleadings "shall have been completed for ninety days," *held* that, where the pleadings in such an action have been completed for ninety days, the case stands for trial, and the subsequent filing of a plea of intervention claiming an interest in the property involved does not postpone the trial of the action.

2. MORTGAGES—DESCRIPTION OF CROP.—A mortgage upon a crop described as one to be raised "on a place known as the Perry farm" is sufficient, in connection with parol evidence identifying the farm intended, to convey the crop raised thereon.

3. JUDGMENT—COLLATERAL ATTACK.—A decree of a domestic court of general jurisdiction is impervious to collateral attack, except upon a showing of merit.

4. APPEAL AND ERROR—MATTERS NOT ABSTRACTED.—Where appellant's abstract shows that a judgment in another case was relied upon by interveners as establishing their claims, but does not set out a complete transcript of all the proceedings, it will be presumed on appeal that the record of the judgment so relied on contained a complete transcript of such judgment.

5. APPEAL AND ERROR—MATTERS NOT ABSTRACTED.—Where appellant has not abstracted the proof offered to establish the claims of certain interveners which were allowed by the trial court, it will be presumed on appeal that there was evidence sufficient to establish such claims.

6. APPEAL AND ERROR—RIGHT TO COMPLAIN OF ERROR.—Appellant cannot complain of error of the trial court in distributing funds in court between the appellees if appellant was not entitled to participate therein.

Appeal from Arkansas Chancery Court, Northern District; *John M. Elliott,* Chancellor; affirmed.

*George C. Lewis,* for appellant.

*A. G. Meehan, W. A. Leach, R. D. Rasco* and *John W. Moncrief,* for appellee.

McCULLOCH, C. J. This appeal involves a controversy concerning priority of liens on a crop of rice grown on a certain plantation in Arkansas County during the

year 1922. Appellant is a foreign corporation, and Arkansas Rice Growers' Cooperative Association, one of the appellees, is a domestic corporation, organized as a cooperative marketing association. Floyd E. James leased the lands in question from the owner for the purpose of growing a crop of rice thereon during the year 1922, and he entered into a contract with R. A. Scott, one of the appellees, whereby Scott should furnish his services in growing the crop and should receive the first 2,000 bushels of rice threshed. On March 21, 1922, James and Scott joined in executing a chattel mortgage to appellee H. B. Dudley to secure payment of the sum of $385. The mortgage to Dudley described the property as ''the first 500 bushels of rice threshed now planted or to be planted by myself, tenants or hired labor, for the year 1922, on place known as Perry farm, situated in Arkansas County, Arkansas, containing................acres of cotton, and................acres of corn ................acres of rice.''

On April 20, 1922, James executed and delivered to appellant a mortgage on an undivided half interest in the rice to be grown by James on the leased land. Hugh Meloy and certain other employees of James were made parties to the present suit as claimants of laborers' liens for work and labor performed in cultivating and gathering the crop of rice.

Appellee Scott was a member of the Arkansas Rice Growers' Cooperative Association, and, after gathering the crop of rice, delivered the same to the association, there being 2,029 bushels, which were afterwards sold, and net proceeds of $1,776.80 were realized on the sale. One-half of this amount was paid over to the landlord under the lease contract, and the remainder, $893.40, is the amount involved in the present controversy.

This suit was instituted by appellant against Arkansas Rice Growers' Cooperative Association and Dudley, James and Scott, and also a banking institution at the town of DeWitt, appellant claiming a superior lien under its mortgage on all the proceeds of the sale of rice except the one-half paid over to the landlord. The Arkansas

Rice Growers' Cooperative Association filed its answer admitting the receipt of the funds arising from the proceeds of the sale of the rice, but setting forth the prior claims of other parties to the funds, and asking that the court direct the distribution of the proceeds among the various claimants in accordance with their priority rights.

On May 2, 1923, appellee Dudley answered, setting up his prior claim under the mortgage referred to herein, and on April 17, 1923, the Bank of DeWitt filed an answer claiming under a mortgage executed by Scott on April 25, 1923. Scott answered, claiming the proceeds under a contract with James.

On June 19, 1924, Arkansas Rice Growers' Cooperative Association filed an amended answer setting forth, as in its original answer, the receipt of the funds and the claims of prior liens of the other parties mentioned, and also set forth in the answer that on January 11, 1923, Meloy and the other claimants of labor liens instituted an action in the chancery court of Arkansas County against the association, and also against appellant, asserting their liens, and that there was a decree rendered declaring a superior lien in favor of the laborers. The prayer of the amended answer was that the claimants of laborers' liens should be made parties to litigate their rights in the present action.

On November 28, 1924, appellant filed a reply to the amended answer of the association, and denied that the claims of the other parties mentioned were superior to the claims of appellant under its mortgage.

On November 15, 1924, Meloy and the other laborers filed their intervention setting forth their superior liens on the crop as laborers, and exhibited with their plea the former decree referred to in the answer of Arkansas Rice Growers' Cooperative Association. Appellant filed its answer to the intervention on December 8, 1924, denying that the liens of the interveners were superior.

The chancery court met in adjourned session on December 8, and appellant filed an affidavit asking for

a postponement for thirty days to afford an opportunity to take the depositions of officers and agents of appellant corporation to show that none of them had been notified or served with process in the original action instituted by the laborers against Arkansas Rice Growers' Cooperative Association to establish the lien of the laborers. The request for postponement was overruled, and on the hearing of the cause the court rendered a decree dismissing the complaint of appellant and distributing the funds to the other claimants, who were held to have superior liens.

The first contention is that the cause was prematurely tried in the court below over appellant's objection, and this contention is based upon the terms of the statute fixing the time when equitable proceedings shall stand for trial. The statute reads as follows:

"Section 1288. Actions prosecuted by equitable proceedings shall stand for trial on any day that the court meets in regular or adjourned session where the pleadings are, or by the provisions of §§ 1208 and 1209 should have been completed for ninety days, but where they have not been so completed, though by the provisions of this act they should have been, the party in default, as to time, shall not be entitled to demand a trial." Crawford & Moses' Digest.

The point sought to be made is that the time for completion of the pleadings in the case was thirty days after the interplea of Meloy and others, and that the case did not stand for trial until ninety days thereafter. This contention is unsound, for the reason that the filing of the intervention claiming an interest in the property involved did not postpone the trial of the action, for there is no statute fixing the time for answer to such intervention, and it was a matter within the discretion of the court. Section 1208, Crawford & Moses' Digest, specifies the time when a defense to a complaint or cross-complaint must be filed, but the intervention of the laborers was not a cross-complaint within the meaning of the statute. Section 1204, Crawford & Moses' Digest,

provides that the filing and prosecution of a cross-complaint "shall not delay the trial and decision of the original action when a judgment can be rendered therein that will not prejudice the rights of the parties to the cross-complaint." The issues in the case had been made up completely more than ninety days prior to the date of the trial, and the filing of the intervention did not call for a postponement of the trial. The holder of the funds, Arkansas Rice Growers' Cooperative Association, pleaded in its answer that the funds belonged to third parties, and the result of the trial would have been the same if the laborers had not intervened at all. Appellant, even after the intervention, would have had no right to recover from the holder of the funds the distributive part to which the laborers were entitled, and whose liens had been established in apt time by their former suit in chancery against the holder of the funds. Nor was there any abuse of discretion in refusing a postponement of the trial, as appellant had notice from the answer of the association that the judgment in favor of Meloy would be involved in the trial.

The next contention is that the Dudley mortgage was invalid because it failed to sufficiently describe the crop embraced therein. The farm on which the crop in controversy was raised belongd to Mr. Vititow, who was James' lessor, and the crop described in the Dudley mortgage was one to be raised "on a place known as Perry farm." There was testimony introduced in the trial of the case which was, we think, sufficient to identify the description "Perry farm" as being the one on which the crop was raised. The witnesses testified that the rice in controversy was raised on what is known as the Perry farm, and, there being no dispute on this point, it was sufficient to justify the holding that the farm in question was known as the Perry farm, so as to apply the description with certainty to the particular farm on which the rice was raised.

A reversal is asked of that part of the decree in favor of Meloy and others establishing mechanics' liens, on the

ground that there was no proof in the case to establish the claims of those parties, in that appellant was not a party to the original action brought by the laborers, and that there was no proof to show that the laborers were in fact entitled to a lien. We are of the opinion that appellant -is mistaken in both of these contentions. In the first place, it may be said that the former decree introduced in this case was rendered by a domestic court of general jurisdiction and is impervious to collateral attack except upon a showing of merit. Counsel argue that the judgment should not be received in evidence because appellees failed to show a complete transcript of all the proceedings, but the record is not abstracted, so that we can determine whether or not the transcript of the other proceedings was complete. Enough is abstracted, however, to show that the transcript of the proceedings on which the judgment was rendered was filed as an exhibit to the answer of Arkansas Rice Growers' Cooperative Association, and we must assume, until it appears to the contrary, that the record was complete so as to show a former adjudication of the question of priority of the lien of the laborers. Appellant has made no attempt to make a showing of merit to the effect that the laborers did not in fact have a lien, but it relies upon the technical point, that the transcript of the proceedings was not full and complete as required by the rules of pleading a former adjudication. The contention on this point is also untenable for the further reason that, even if the former decree had not been properly brought into the present record, there is proof sufficient to establish the claim of the laborers, or at least we must assume that the proof was sufficient. The abstract made by appellant's counsel contains the statement that witness Dudley testified "about the Dudley mortgage and the laborers' liens, and certain other matters, none of which testimony seems to be of any importance to this case." The testimony on the issue as to the validity of the lien of the laborers cannot be put aside by a mere statement of the conclusion that it is not of importance in the case, and,

since appellant has not abstracted the testimony, it cannot be heard to say that there is no testimony to sustain the decree.

It is argued also that the intervention of the laborers should be treated as an original proceeding which was after the time limit fixed by statute for enforcement of laborers' liens. Crawford & Moses' Digest, § 6862. The answer to this contention is that the original action against the Arkansas Rice Growers' Cooperative Association as holder of the funds was sufficient compliance with the statute to sustain the lien, even if appellant had not been a party thereto, hence the plea of limitation against the assertion of the lien is not well founded.

Finally, it is insisted that the court erred in allowing payment of a part of the funds to Scott and in failing to award a portion, at least, to appellant. It is unnecessary to discuss this feature of the case, for, if we were to find that appellant's lien was superior to the claim of Scott, appellant could derive no benefit for the simple reason that the portion of the fund awarded to appellee Dudley and the laborers was more than sufficient to exhaust the funds derived from the sale of the rice after deducting the landlord's portion. As we have already seen, the amount involved is $893.40. Dudley was entitled to $435 and the laborers were entitled to $860.86, which more than exhausted the funds in the hands of the association. There was no prejudicial error therefore in refusing to award any of the funds to appellant, who has no right to complain of the action of the court in awarding funds to Scott which should have been applied to the claims of Dudley and the laborers.

Finding no error in the decree, the same must be affirmed, and it is so ordered.