HENSON v. BRADEN.

Opinion delivered January 9, 1928.

1. CERTIORARI—INSUFFICIENCY OF ABSTRACT.—A petition for certiorari to review the chancellor's refusal to discharge petitioners for an alleged violation of the stock law, alleging that the stock law election was void, will be denied where there was no abstract of the orders of the county court, and no agreed statement of facts, making it impossible for the Supreme Court to determine whether the election was valid or not.

2. CERTIORARI—WHEN DECREE AFFIRMED.—When it is impossible to pass upon the questions presented intelligently, without exploring the transcript, the decree will be affirmed.

Certiorari to Craighead Chancery Court, Western District; *J. M. Futrell,* Chancellor; writ denied.

*Penix & Barrett,* for appellant.

MEHAFFY, J. Sam Henson and E. H. Caple each applied to the chancellor, J. M. Futrell, for a discharge of each petitioner from custody and imprisonment by the sheriff of Craighead County. It is stated that each of the petitioners was convicted in the municipal court on the 25th day of April, 1927, on a charge of having permitted their stock to run at large in an alleged stock-law district comprising a number of townships in Craighead County. It is alleged that each of them were fined $5 and costs, and that, upon failure to pay said fine and costs, a commitment was issued, directing the constable to take petitioners into custody and place them in the Craighead County jail.

The sheriff and constable waived service, and the case was tried, and the chancellor refused to discharge the petitioners, and remanded them back into the custody of the sheriff.

It is alleged that petitioners were being unlawfully imprisoned, because they say that the alleged stock-law district was not legally created and established.

The application here is for a writ of certiorari to the clerk of the chancery court for the Western District of Craighead County, Arkansas.

Appellant's contentions are, first, that there was no proper order of the county court, and that the election was void because based on a void order of the county court; second, that there was a different question submitted to the voters than that contained in the election notice or proclamation of the sheriff; that the notice was misleading and deceiving to the voters; third, that no election was held in the second, fourth and fifth wards of Jonesboro, which contains a large part of the population of the district; and fourth, that the election judges of the last preceding general election did not act as the judges of the special election.

Appellants do not abstract the order of the county court, and from the abstract made it is impossible for this court to tell whether there was or was not a valid order of the county court. There is no abstract of the petitions, no abstract of the orders of the county court, and no abstract of the agreed statement of facts, so that it is impossible to tell from the abstract whether a different question was submitted to the voters than that contained in the proclamation. And, the election proclamation not being abstracted, it is impossible for this court to say whether it was misleading and deceiving to the voters or not. And without an abstract of the agreed statement of facts we cannot say that the order of the chancellor was erroneous, nor can we tell from the abstract made whether the election was void or valid.

Rule No. 9 of this court provides that, in all civil cases, the appellant shall file with the clerk of this court, when his case is subject to call for submission, an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of all the questions presented to this court for decision. A majority of the court are of the opinion that the appellant has wholly failed to comply with that part of the rule requiring the filing of an abstract or abridgment of the transcript setting forth the material parts of the pleadings, proceedings, facts and documents relied upon.

This court has many times held that, when it is impossible to intelligently pass upon the questions presented without exploring the transcript, the decree will be affirmed. *Flake* v. *Mill*, 130 Ark. 257, 197 S. W. 33; *Power Manufacturing Co.* v. *Arkansas Rice Growers' Assn.*, 170 Ark. 771, 281 S. W. 379.

For a failure to comply with Rule 9 of this court the petition must be denied.