WILLIAMSON *v.* MITCHELL AUTO COMPANY.

Opinion delivered October 6, 1930.

*Jack Machen,* for appellant.
*McKay & Smith,* for appellee.

HART, C. J., (after stating the facts). In the absence of a bill of exceptions and since the recitation in the judgment is that the difference between the value of the automobile at the date of the commencement of the suit and at the date of the trial is $125, the presumption is that the evidence adduced at the trial sustained the finding of the circuit court and warranted the judgment rendered if within the issues raised by the pleadings. *Strode v. Holland,* 150 Ark. 122, 233 S. W. 1073; *McKinney v. First National Bank of Batesville,* 152 Ark. 403, 238 S. W. 629; *Coblentz & Logsden v. L. D. Powell Company,* 148 Ark. 151, 229 S. W. 25; *Commercial Credit Co. v. Stanley,* 164 Ark. 473, 262 S. W. 318; and *Abrams v. Hoff,* 174 Ark. 144, 294 S. W. 389.

In the application of this well settled rule, it cannot be said that there is any error apparent from the face of the record. The complaint filed by the plaintiff shows that it sought to recover possession of a Chevrolet truck of the value of $93.35 and damages for its detention in the sum of $93.35. There was a judgment in favor of the plaintiff in the circuit court for the sum of $147.16, and it must be presumed that there was evidence sufficient to sustain the judgment.

The record also recites that there was a judgment in favor of the plaintiff against G. T. Williamson in the sum of $125. The record shows that G. T. Williamson, at the commencement of the suit, signed a bond for the defendant in which they covenanted to perform the judgment of the court in the action. The judgment rendered against Williamson expressly recites that there was evidence tending to show that the automobile was of the value of $125 at the time of the bringing of the suit and the exe-

cution of the bond for the retention of the automobile, and that it was of no value at the time of the trial. As we have already seen the judgment of the court was for the sum of $147.16, which must be presumed to be for the value of the automobile and the damages for its detention. Williamson, having signed the delivery bond in which he covenanted to perform the judgment of the court, must be held liable for the value of the automobile to the extent that it was necessary to perform the judgment of the court because his action in signing the bond enabled the defendant to keep the automobile and use it until it became worthless. The condition of the bond was that the signers thereof would perform the judgment of the court, which was for the value of the car at the time of the commencement of the suit and the damages for the detention of it. The defendant could not retain the car and use it and then return it in its worthless condition in satisfaction of the judgment. It cannot be said that the value of the purchase price of the car was all the amount for which the surety would be held liable because the suit was for the possession of the car and damages for its detention. Indulging the presumption that the evidence was sufficient to sustain the judgment of the court in favor of the plaintiff against the defendant, it must be presumed that the $125 was the value of the car at the time of the commencement of the suit for which judgment was rendered against Williamson, was for the value of the car and the damages for its detention. See *Commercial Investment Trust* v. *Forman*, 178 Ark. 695, 10 S. W. (2d) 897; *Love* v. *Hoff*, 179 Ark. 381, 16 S. W. (2d) 12; *Commercial Investment Co.* v. *Miles*, 181 Ark. 1177, 25 S. W. (2d) 3.

Therefore, the judgment will be affirmed.