BROOKS, RECEIVER, *v.* WOOTEN-EPES COMPANY.

4-6290 149 S. W. 2d 553

Opinion delivered April 7, 1941.

*John C. Sheffield,* for appellant.

*Burke, Moore & Walker,* for appellee.

HOLT, J.   March 25, 1940, there appears to have been pending in the Phillips chancery court a cause No. 8898 in which H. H. Truemper was plaintiff and F. P.

Lawhon, *et al.*, were defendants. The record before us does not disclose the names of all the parties to that suit or reflect the pleadings or issues.

On the above date in the above styled cause, the court made an order in part as follows: "... there is presented to the court by verbal statement of the attorney for the plaintiff that the order made by this court on February 14, 1940, directing Wooten-Epes Company ... to turn over to R. L. Brooks, heretofore appointed receiver in this case, certain cotton, the numbers and description of the bales of cotton being more particularly described in said order, cannot be delivered to the receiver for the reason that the cotton has been sold, which statement the court finds is true.

"It is, therefore, considered and ordered that the receiver be and he is hereby directed to proceed to collect the proceeds of said cotton by filing a suitable petition to enforce the landlord's lien, and to give the defendants notice of the pendency of this action."

Following this order, appellant, R. L. Brooks, receiver, filed petition in the above cause No. 8898, in which Truemper was plaintiff and Lawhon, *et al.*, were defendants, against appellee, Wooten-Epes Company, seeking to collect the proceeds of six bales of cotton on which appellant, as receiver, claimed a lien and also sought an accounting of the proceeds from the sale of the cotton and prayed for a separate judgment against appellee.

In so far as this record discloses, appellee, Wooten-Epes Company, was never a party in the suit of *Truemper* v. *Lawhon, et al.*

Following the filing of the petition by appellant, as receiver, the chancery clerk issued the following notice which was served upon appellee by the sheriff: "In the Phillips chancery court. *H. H. Truemper*, plaintiff, v. *F. P. Lawhon*, defendant. Notice. To the Wooten-Epes Company: This is to notify you that a petition of R. L. Brooks, receiver, in the above styled case has been filed to enforce landlord's lien against you for cotton

purchased by you, which cotton was grown upon the farm of H. H. Truemper during the crop year of 1939, and sold to you by F. P. Lawhon, tenant of the said H. H. Truemper, and upon which cotton was a landlord's lien.

"You are further notified that this petition will be presented to the chancery court at its adjourned term on June 5, 1940, and this notice is for the purpose of informing you of the pendency of the suit so that you may make whatever defense you may have to the petition. Jack McDonald, clerk. By Jennette Thurmond, D. C."

Following service of this notice upon it, appellee, Wooten-Epes Company, appeared specially June 5, 1940, and filed its motion to quash the notice so served on it on the grounds that the proceeding instituted by the receiver, appellant, against it, was in fact a new and separate suit, that no summons had been served in the suit, that defendant was improperly before the court, and asked that the service of notice be quashed.

Upon the same day this motion to quash was filed by appellee, a hearing was had and the court sustained the motion to quash in the following language: . "Thereupon, the court, having heard the argument of counsel, was of the opinion that there was no proper service of summons on the defendant, Wooten-Epes Company, and that the said petition was improperly filed in this cause, a separate suit being required" and decreed "that the service upon the defendant, Wooten-Epes Company, in this cause be and it is hereby quashed, that this cause is hereby dismissed, in so far as the Wooten-Epes Company is concerned, without prejudice."

From this order of the court, appellant brings this appeal.

Rule 9 of this court requires appellant to furnish us with an abstract of the pleadings, evidence, orders, and decrees of the trial court necessary for a full understanding of the questions there presented for decision. *Flake* v. *Hill,* 130 Ark. 257, 197 S. W. 33.

The record presented here does not disclose the names of the parties to the original suit filed below, No.

8898, *supra,* the nature of that suit, the pleadings and orders appearing therein, or the status of those proceedings. This information cannot be gained from the transcript filed here and appellee, not being required to do so, has not supplied us with this information.

We are unable to determine, therefore, the trial court's reason for quashing the notice of summons, or the reason for its holding that appellant's petition was improperly filed in the original suit, without some knowledge of the nature of that cause and the parties thereto. However, in the absence of knowledge as to the reasons upon which the trial court based its actions, we must indulge the presumption here that the omitted proceedings and record were sufficient to justify the chancellor's decree. *Williamson* v. *Mitchell Auto Company,* 182 Ark. 296, 31 S. W. 2d 413; *McGowan, et al.,* v. *Burns, et al.,* 190 Ark. 1177, 77 S. W. 2d 970.

With the record and proceedings in the original suit in *Truemper* v. *Lawhon, et al.,* before it, the trial court held that the petition of appellant, receiver, should have been brought against appellee, Wooten-Epes Company, in a separate suit evidently for the reason that appellee was never a party to the original suit. In these circumstances appellant, as receiver, could not proceed in a summary manner against appellee without the formality of a separate suit against it and proper summons and service against it, and the court was correct in so holding. That appellant, receiver, did attempt to proceed against appellee, in a summary manner, is not only indicated by the petition which he filed in the original suit of *Truemper* v. *Lawhon, et al.,* but by the wording of the notice, *supra,* which is not in the usual form of a summons.

On the question whether a receiver may proceed summarily to enforce a claim against a stranger to the suit in which he was acting as the duly appointed receiver, the annotator in 40 A. L. R. 904, says: "After the appointment of a receiver, he becomes entitled to the custody and control of all the property of the debtor, and it is his duty to secure all the assets available for the payment of creditors. 23 R. C. L. 71.

"The general rule, however, is well established that a receiver has no right ordinarily through summary proceedings, or in a summary manner, to take into custody property found in the possession of strangers to the suit claiming adversely. . . .

"Thus, it is held in *Musgrove* v. *Gray*, 123 Ala. 376, 26 So. 643, 82 Am. St. Rep. 124, that where a receiver seeks to recover possession of property in the hands of one not a party to the suit, the latter, if he asserts, in good faith, color and claim of right to the property, is entitled under the guaranty of due process of law to his day in court and a trial according to the customary forms of law, and the receiver should be required to bring an action against him, instead of proceeding by summary process."

The author of High on Receivers, 4 ed., p. 174, § 145, says: ". . . And the court will not, upon a summary application, compel a delivery to the receiver of property purchased at a sheriff's sale, under execution against the defendant, when the purchaser's agent is shown to be exercising control of the property, with the power of reducing it at any time to actual possession. Under such circumstances, the court will first require the purchaser to be made a party to the litigation, that he may have an opportunity to defend his title and right of possession. And where personal property is in the possession of a third person, not a party to the receivership proceeding, under a claim of title, it is improper for the court which appointed the receiver to order him to take possession of such property, but he should be instructed to institute a separate action at law for its recovery; . . ."

Finding no error, the decree is affirmed.